## J. C. KARNER v. S. J. ROSS.

Decided June 27, 1906.

**1.—Plea of Privilege—Waiver.**

In an action for fraud, after defendant's plea of privilege to be sued in his own county was overruled, plaintiff amended alleging the fraud to have been committed in the county where the suit was brought. Defendant, who plead to and went to trial on such amended petition without reasserting his plea of privilege, waived same thereby and submitted to the jurisdiction.

**2.—Pleading—Fraud—Materiality.**

General allegation of the materiality of fraudulent representations charged, with facts pleaded from which it might be inferred, was sufficient as against a general demurrer.

**3.—Fraud—Written Contract—Parol Evidence.**

Objections to parol evidence as varying a written contract do not apply to an action to recover for fraud therein.

**4.—Impeachment—Declarations of Party.**

Declarations of a party to the suit are admissible against him without laying a predicate in his examination for impeaching him thereby.

Appeal from the County Court of Hunt County. Tried below before Hon. F. M. Newton.

*A. B. Reynolds* and *Jones & Conner,* for appellant.—On plea to

jurisdiction. Facts must show actionable fraud: Freeman v. Kueckler, 45 Texas, 592; Baines v. Mensing, 75 Texas, 200; McLaughlin v. Shannon, 3 Texas Civ. App., 136. A promise unperformed, not fraud: Chicago T. & M. Ry. v. Titterington, 84 Texas, 218; Baines v. Mensing, 75 Texas, 200. Joining a defendant against whom is no cause of action: Weeks McCarthy v. Sunset B. & T. Co., 22 Texas Civ. App., 556; Texas & P. Ry. Co. v. Mangum, 68 Texas, 346; Roan v. Raymond, 15 Texas, 78.

Must allege facts showing the fraud to be a material inducement: Bremond v. McLean, 45 Texas, 10; Moore v. Cross, 87 Texas, 557.

Oral evidence inadmissible to vary contract: Foote v. Frost, 39 S. W. Rep., 328; Wolfe Cigar Stores v. Kramer, 14 Texas Ct. Rep., 46; Jones v. Ferd Heim Brewery Co., 44 S. W. Rep., 896.

*Yates & Carpenter,* for appellee.—On right to rescind contract for fraud: Jesse French Piano Co. v. Nolan, 85 S. W. Rep., 821; Halsell v. Musgrave, 5 Texas Civ. App., 479. Parol evidence to show fraud in procuring contract: Halsell v. Musgrave, 5 Texas Civ. App., 479; Turner v. Grobe, 44 S. W. Rep., 906; American Cotton Co. v. Collier, 69 S. W. Rep., 1024; Davis v. Driscoll, 22 Texas Civ. App., 14; American National Bank v. Cruger, 14 S. W. Rep., 1016; 1 Elliott on Evidence, sec. 592.

EIDSON, ASSOCIATE JUSTICE.—This suit was originally brought in the court below by appellee against appellant and the Greenville National Bank to rescind a contract and cancel two notes for $147 each, and in the alternative to recover the value of said notes against appellant. By amendment appellee dismissed the band from the suit, and sought to recover the value of said notes from appellant on the ground of fraud in their procurement. A trial before a jury resulted in a verdict and judgment for appellee in the sum of $294, with interest.

Appellant's first assignment of error complains of the action of the court below in overruling his plea of privilege to be sued in the county of his residence. After this plea was presented to the court and overruled, appellee amended his petition and alleged that the fraud used by appellant in the procurement of the notes, the value of which he sued for, was committed in Hunt County, where the suit was brought, which allegation gave the court trying the case jurisdiction. (Sayles' Rev. Stats., art. 1194, 7th subd.) Appellant answered to this amended petition and went to trial without urging or presenting for action of the court his plea of privilege as against the cause of action set up in said amended petition. By this failure or omission on his part, appellant waived his plea of privilege to be sued in the county of his residence, and submitted his person to the jurisdiction of the court trying the case. (Hall v. Howell, 56 S. W. Rep., 561; Watson v. Baker, 67 Texas, 50; Floyd v. Gibbs, 34 S. W. Rep., 154.)

Appellee's petition was not subject to general demurrer, and we therefore overrule appellant's second assignment of error. If facts showing the materiality of the fraudulent representations alleged to have been made by appellant in the procurement of the notes are not specifically alleged in the petition, there is a general allegation of the materality

of such fraudulent representations, and facts are alleged from which their materiality may be inferred, which is sufficient as against a general demurrer.

The testimony admission of which is complained of in appellant's third, fourth and fifth assignments of error, was properly admitted. The rule as to the exclusion of parol testimony tending to vary, add to or contradict a written instrument does not apply to a case of this character. (Halsell v. Musgraves, 5 Texas Civ. App., 479; Turner v. Grobe, 44 S. W. Rep., 906; American Cotton Co. v. Collier, 69 S. W. Rep., 1024; Davis v. Driscoll, 22 Texas Civ. App., 14; American Natl. Bank v. Cruger, 14 S. W. Rep., 1016; 1 Elliott on Evidence, sec. 592.)

There was no error in the admission of the interrogatory and answer thereto contained in the deposition of J. C. Karner. He being a party to the record, no predicate was required for the admission of this testimony.

The testimony, as shown by the record, was sufficient to support the verdict of the jury, and therefore the court below did not err in overruling appellant's motion for a new trial.

The judgment of the court below is affirmed.

*Affirmed.*