CROCKETT & SONS et al. v. ANSELIN.

(Court of Civil Appeals of Texas. Nov. 2, 1910. Rehearing Denied Nov. 30, 1910.)

1. EVIDENCE (§ 434*)—PAROL EVIDENCE TO BAR A WRITTEN INSTRUMENT — FRAUD — MORTGAGES.

Where it is claimed that a contract and a chattel mortgage executed in pursuance thereof were induced by fraud of plaintiff, all the facts and circumstances leading up to and connected with the transaction are admissible on the issue of the fraud, and either party may adduce evidence to show the existence and nonexistence of fraud.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.*]

2. CONTRACTS (§ 99*) — VALIDITY — FRAUD — EVIDENCE—RELEVANCY.

In an action to enforce a contract, defendants maintained that the contract was entered

into upon the false representations of the plaintiff that a certain tract of land was in proper condition to raise a crop of rice, evidence that the contract was entered into for the purposes of securing certain water privileges *held* relevant, as showing nonexistence of fraud.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 99.*]

3. LANDLORD AND TENANT (§ 79*)—ACTION—PLAINTIFFS—JOINDER.

In an action on a contract by which plaintiff assigned to defendants a lease of a tract of land, in consideration of defendant's agreement to deliver to plaintiff 500 barrels of rice out of the crop raised on the land and on adjoining lands in defendant's possession, it was not necessary that plaintiff's cotenant under the lease should join as plaintiff; he not being a party to the contract sought to be enforced.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 79.*]

4. LANDLORD AND TENANT (§ 79*)—ACTIONS—DEFENSES.

Neither was it any defense that plaintiff was indebted to his lessor for rent of the land, so long as the lessor asserted no landlord's lien on the crop grown on the land, especially as no such lien could be asserted; no crop having been raised.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 79.*]

5. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY CHARGE GIVEN.

A requested instruction which is covered by charges already given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. TRIAL (§ 327*)—GENERAL VERDICT—EFFECT.

A general verdict for plaintiff is against all defendants, and determines all the issues in plaintiff's favor, touching his right to the relief sought.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 768½–770; Dec. Dig. § 327.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by J. Anselin against D. Crockett, R. B. Crockett, B. E. Crockett, T. O. Crockett, and W. H. Crockett and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Gaines & Corbett, for appellants. Linn, Conger & Austin, for appellee.

NEILL, J.    J. Anselin sued D. Crockett, R. B. Crockett, B. E. Crockett, T. O. Crockett, and W. H. Crockett, partners, doing business under the firm name of Crockett & Sons, the Union Warehouse & Elevator Company, the Le Tulle Mercantile Company, and the First National Bank of Bay City, alleging as his cause of action, in substance: That on and prior to July 13, 1907, he was the lessee of and in rightful possession of a certain described tract of 160 acres of land, holding the same under a lease from E. P. Layton, for five years, from and after August 3, 1906; that on the date first mentioned the land had been planted in rice, and valuable improvements made thereon by him, and the crop thereon growing and in fine condition; that said tract of land lay between the pumping plant of Crockett & Sons and land leased by them from Layton and planted in rice for the year 1907; and that, to carry water from their pumping plant to their land, it was necessary for them to build a canal across plaintiff's tract, which for that reason was valuable and desirable to defendants Crockett & Sons. That on the day first above stated said defendants Crockett & Sons entered into a contract in writing with plaintiff wherein he, in consideration of 500 barrels of No. 1 rice, of the value of $2,075, to be delivered him by said defendants at the warehouse at Sim's switch, on or before October 1, 1907, less 3 cents per sack, the same being one-half of hauling charges, which was to be paid by plaintiff, with the written consent of his lessor, assigned, conveyed, and delivered to Crockett & Sons, his lease contract for said 160 acres, with all his rights therein, together with the rice crop growing thereon and all improvements there placed by him and situated on said land, and that such assignment was accepted in writing by Crockett & Sons. That on said day defendants Crockett & Sons, for the purpose of securing the prompt payment and delivery of the 500 barrels of No. 1 rice, contracted to be delivered plaintiff by them as the purchase price of said lease, rice crop, and improvements, made, executed, and delivered to plaintiff their chattel mortgage, of date July 13, 1907, wherein they declared that they were justly indebted to plaintiff for 500 barrels of No. 1 rice, for his entire interest in and to his rice crop planted on the land hereinbefore described, and that in order to secure the prompt payment of said 500 barrels of rice to said Anselin, the said defendants, Crockett & Sons, did sell and mortgage to him all the crop and interest therein purchased by them and grown on the above-described lands; and therein agreed to have said 500 barrels of No. 1 rice harvested, threshed, sacked, and sewed, to furnish the sacks at their own expense, and to deliver the rice as soon as threshed in the warehouse at Sim's switch, at a cost to plaintiff of 3 cents per barrel, the sacks to be marked "F. A."; and that in and by the same mortgage instrument, the said defendants, for the purpose of better securing the payment of said 500 sacks of rice, mortgaged to Anselin (this part of it being declared a second mortgage) their entire rice crop grown on the land which they leased from E. P. Layton for the year 1907. That said mortgage was duly filed with the county clerk of Matagorda county on July 15, 1907, and duly entered in the chattel mortgage register of said county. That Crockett & Sons, during the year of 1907, raised, harvested, and deposited in the warehouse of defendant, the Union Warehouse & Elevator Company, and sold therefrom more than 4,500 sacks of merchantable rice, of the reasonable value of $15,000, all of which was grown upon the land described in plaintiff's said mortgage,

which was a lien thereon; that, though often requested to do so, defendants Crockett & Sons, each and every one of them, have failed and refused to haul and deliver to plaintiff the 500 barrels of No. 1 rice, or any part thereof, sacked and marked as agreed, at the warehouse at Sim's switch, and have failed and refused so to deliver the same or any part thereof at any other place; that the market value of said 500 barrels of No. 1 rice, at agreed date of delivery and at various periods during the market season of said year, was $4.15 per barrel, and of the aggregate value of $2,075.

Crockett & Sons, after interposing exceptions to plaintiff's petition and a general denial, answered specially that they bought the leasehold on the 160 acres on representations made by Anselin that there was a good stand of rice thereon and that all contours, field levees, and ditches for the proper distribution of water had been properly constructed, or immediately would be at the cost of Anselin; that relying upon such representations he entered into said contract; that all of such representations were false and fraudulent, in consequence whereof no rice was raised on said land; wherefore the consideration for said contract had wholly failed. The Union Warehouse & Elevator Company answered that Crockett & Sons, during 1907, deposited in its warehouse a quantity of rice, and that acting under their instructions it sold the same and held the proceeds thereof, amounting to $2,230.65; that out of the proceeds it has paid on the written orders of Crockett & Sons to Le Tulle Mercantile Company $1,048.65 and to the Alamo Lumber Company the sum of $600; that after deducting all storage and other charges due there remains in its hands the sum of $581.26; that it has no means of knowing to whom said sum is payable, said sum having been garnisheed by the Farmers' Rice Milling Company in a suit wherein J. Anselin is plaintiff; wherefore he asks that it be awarded to whomsoever may be entitled to said fund, and that it be discharged. No answer was filed by the bank.

The case was tried before a jury and resulted in a verdict in favor of plaintiff upon which judgment was entered against defendants Crockett & Sons and the individuals composing the firm, jointly and severally, and the Union Warehouse & Elevator Company, for the sum of $1,965, with interest thereon at the rate of 6 per cent. per annum from date of the judgment. It was further decreed that the Le Tulle Mercantile Company and the First National Bank of Bay City, both of which failed to answer, had no interest in the proceeds of the sale of the rice and that plaintiff's rights therein, as against the two last-named defendants, be forever quieted. An order was also entered protecting the Union Warehouse & Elevator Company against the garnishment proceedings set up in its answer.

## Conclusions of Fact.

We conclude, as a matter of fact, that the evidence is reasonably sufficient on all issues between plaintiff and the defendants against whom the money judgment was recovered, to support the verdict upon which such judgment was rendered.

## Conclusions of Law.

1. Inasmuch as defendants Crockett & Sons pleaded that they were induced to enter into contract and execute the mortgage sued upon by false and fraudulent representations made to them by plaintiff, by reason whereof the consideration had wholly failed, and introduced evidence to prove such defense, all the facts and circumstances leading up to, connected with, and attending the execution of the contract were admissible on the issue of fraud. If such evidence were not admissible a contract could not be avoided for fraud, unless it bore upon its face irrefragable evidence of it. It would be a solecism to say that while one alleging fraud may introduce such evidence to establish it, his adversary cannot rebut such proof by introducing evidence of the same character. In view of this we have no doubt that the testimony of Anselin, complained of by the second assignment, was properly admitted. Davis v. Driscoll, 22 Tex. Civ. App. 14, 54 S. W. 43; Karner v. Ross, 43 Tex. Civ. App. 542, 95 S. W. 46.

2. It does not appear from the statement in appellants' brief, subjoined to the third assignment, that the admissions testified to by J. Anselin of Crockett & Sons were made in furtherance of or for the purpose of effecting a compromise between the parties of the matter in controversy. Wherefore the assignment is overruled.

3. There was no error in the court's admitting in evidence the water contract, which is the subject of the fourth assignment, because it was relevant, in connection with other testimony, as tending to show that defendants Crockett & Sons were not induced to make the contract sued upon by false and fraudulent representations made by plaintiff, as charged in their answer. Besides, both D. Crockett and plaintiff testified, without objection, as to the execution of the contract and as to such part of its contents in any way prejudicially affecting defendants.

4. The testimony complained of in the fifth assignment was admissible for the same reason as that referred to in previous assignments was.

5. It was a matter of no moment to Crockett & Sons whether Frank Anselin owned an interest in the subject-matter of the litigation or not. He was not a party to the contract sued upon, nor was any interest in it assigned to him by the plaintiff, nor any obligation to him resting upon said defendants by virtue of it. If he owned an interest in the rice or proceeds of its sale, he must have

acquired it through one to whom he should look, and not to defendants, for its satisfaction. Therefore, defendants cannot complain that Frank Anselin was not made a party to this suit. That the plaintiff was indebted to Layton for the leasehold estate assigned to the defendants could not concern them, as long as no lien was asserted or claimed by the original lessor on the crop grown on the premises. From their own showing, no such lien could be asserted, for they made no such crop upon such land. That they made no crop thereon was their own affair, and did not affect plaintiff's right of recovery on the contract.

6. The charge of the court, when read and construed as a whole, is not obnoxious to the objections urged by the seventh, eighth, and ninth assignments.

7. The court did not err in refusing any of the special charges requested by defendants. Such of them as embraced any principle of law applicable to the case made by the pleadings and evidence were embraced in the main charge, which fully and fairly presented the law upon all the matters in issue to the jury.

8. When the verdict is read and construed in connection with the pleadings and the charge of the court, we think it supports the judgment entered upon it. It is a general verdict for the plaintiff; and the rule is that such a verdict is against all the defendants, and determines all the issues in plaintiff's favor, touching his right to the relief sought.

There is no error in the judgment, and it is affirmed.