TEXAS, G. & N. RY. CO. et al. v. BERLIN.

(Court of Civil Appeals of Texas. El Paso. March 12, 1914. Rehearing Denied April 2, 1914.)

1. APPEAL AND ERROR (§ 664*)—RECORD—BILL OF EXCEPTIONS—QUALIFICATION BY JUDGE.

Qualifying statements, appended to bills of exceptions by the court when approving the same, are controlling as to the facts stated therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2856–2859; Dec. Dig. § 664.*]

2. VENUE (§ 32*)—RESIDENCE OF PARTIES—WAIVER OF OBJECTION.

A plea of privilege to be sued in the county of the defendant's residence is a preliminary plea, which is waived if not fully presented before announcement of ready for trial, and evidence offered on the trial could not be relied on in support of such a plea.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

3. APPEAL AND ERROR (§ 743*)—RECORD—QUESTIONS PRESENTED FOR REVIEW—ADMISSION OF EVIDENCE.

An assignment of error in admitting certain testimony will be overruled where, though there is no reference to the part of the statement of facts where such testimony appears as required by the rules of the court, the court, after careful inspection of the statement of facts, fails to find any such testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

4. EVIDENCE (§ 177*)—BEST AND SECONDARY EVIDENCE—PRIMARY EVIDENCE BEYOND JURISDICTION.

Testimony as to the contents of certain letters and telegrams was admissible, where they were shown to be without the jurisdiction of the court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 557, 570–579; Dec. Dig. § 177.*]

5. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Though evidence of similar acts having no connection with the controversy is generally inadmissible, its admission rests largely in the court's discretion, so that it is not ground for reversal unless it is clear that it influenced the verdict; and error, if any, in admitting such evidence was not reversible where there was other positive evidence of the fact to be established.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

6. CORPORATIONS (§§ 215, 254, 256*)—STOCKHOLDERS—LIABILITY FOR CORPORATE DEBTS—STATUTE.

Rev. St. 1911, art. 6458, providing that the stockholders of any railroad shall be liable to its creditors to the extent of the amount unpaid on their stock, makes the stockholders sureties to that extent, and it is unnecessary to prove insolvency of the corporation, but the judgment should direct execution against the corporation, and, if not satisfied, then against the stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 826–828, 845–848, 852, 854, 870, 892, 1036–1048; Dec. Dig. §§ 215, 254, 256.*]

Appeal from Midland County Court; J. H. Knowles, Judge.

Action by W. E. Berlin against the Texas, Gulf & Northern Railway Company and others, wherein J. B. Rea intervened as plaintiff. From a judgment for plaintiff, the defendants appeal. Reformed and affirmed.

A. S. Rollins, of Amarillo, for appellants. Chas. Gibbs, J. M. Caldwell, and Earl Anderson, all of Midland, and S. P. Weisiger, of El Paso, for appellee.

HARPER, C. J. W. E. Berlin filed this suit in the county court of Midland county, Tex., against the Texas, Gulf & Northern Railway Company, J. A. Underwood, and W. N. Sadler, to recover the sum of $219.65, alleged to be due him by the said railway company for wages, alleging that work was performed at instance and request of G. A. Ryan, its duly authorized agent, and further alleging that the said railway company so indebted to him was insolvent, and that appellants Underwood and Sadler were subscribers to the capital stock of the said company, and that they had paid in only 5 per cent. of the amount subscribed, and asked judgment against said Underwood and Sadler for the amount of their unpaid subscription. J. B. Rea by permission from the court was permitted to intervene as plaintiff (as appears from the face of the judgment, but no pleadings in his behalf appears in the record). The defendant railway company filed plea of privilege to be sued in the county of its residence, general demurrers, general denial, and pleaded specially, denying the agency of G. A. Ryan, alleging that said Ryan was not authorized to make debts on its account, and, if debts were created, they were and are debts of the said Ryan individually, and that it had not authorized or ratified any debts made by him. Upon trial before the court without a jury judgment was rendered for plaintiff, from which this appeal is perfected.

[1, 2] The first and second assignments in brief of railway company charge that the court erred in overruling its plea of privilege to be sued in the county of its residence. The plea of privilege was properly verified, and bill of exception taken to the action of the court in overruling the plea, but the court qualifies the order approving the bill by the statement: "The foregoing bill is approved, with the qualification that no evidence was offered in support of said plea of privilege." There is nothing in the record to show that evidence was offered in relation to this plea, except in the general statement of facts, approved by the court; witness W. N. Sadler

testified "that he had never lived in Midland county, Tex., but lived in Potter county, Tex.; that defendant J. F. Underwood has never lived in Midland county, Tex., but lives in Fannin county, Tex., and the defendant railway company has no office in Midland county, no line of railway in Midland county, and no agent in said county."

The effect of the qualification of the judge upon the bill of exceptions is that when the plea of privilege was presented for consideration by the court, which should be prior to trial on the merits, no evidence was offered in support of it. The question then arises, Can the defendant rely upon the evidence of witnesses adduced during the trial on the merits to support his plea of privilege? This being a preliminary plea, and not being presented fully before announcement of ready for trial, will be considered waived. Karner v. Ross, 48 Tex. Civ. App. 542, 95 S. W. 46.

[3] The third assignment charges "that the trial court erred in permitting Geo. A. Ryan to testify, over the objection of defendant, that he was authorized to make all contracts for the employment of labor and the purchase of supplies, and have same charged to the defendant railway company." There is no reference to the part of statement of facts where such testimony appears, and for that reason the assignment is not in conformity with the rules of this court, but upon careful inspection of the statement of facts, we find no such testimony as complained of in the bill of exceptions. The assignment is therefore overruled.

[4] The fourth assignment, in permitting Geo. A. Ryan to testify as shown in the following bill of exceptions: " * * * The following question was asked: How did you receive your authority to act as agent for the defendant railway company? To which question the witness answered that he received such authority in talk and through letters and telegrams, to which answers the defendants objected, because the letters and telegrams were the best evidence of their contents, and, unless they were shown to be written under the proper authority, they would not be binding upon defendant." The court approved the bill of exceptions, with the following qualifications: "The witness was a nonresident of Midland county. He had testified that the letters and telegrams were without the jurisdiction of this court; and, since there is no provision of law authorizing plaintiff to compel the production of said letters and telegrams, I considered that secondary evidence was admissible." Also the witness has testified that said letters and telegrams were written and sent by W. N. Sadler, vice president and general manager of the defendant railway company. The statement appended to the bill by the trial judge and the statement of facts show conclusively that one of the two of the reasons given for objecting to the testimony complained of is not supported by the facts (Slaven v. Wheeler, 58 Tex. 27), and where letters and telegrams are beyond the jurisdiction or process of the trial court, it is no error to admit secondary evidence of their contents (Missouri & P. Ry. Co. v. German, 84 Tex. 141, 19 S. W. 461; Sayles v. Bradley, 92 Tex. 406, 49 S. W. 209).

[5] The fifth and sixth assignments charge that the court erred in permitting the witness Ryan to testify, over objections of the defendants, that similar accounts to the one sued on were sent by him to the defendant railway company, and were paid by it without objection. The general rule is that evidence of other similar acts of a party, or of those who are mere strangers to the controversy, independent of and having no connection with the act or event in controversy, is regarded as inadmissible, but the act of admitting or rejecting such testimony is, in the main, considered a matter of discretion upon the trial court, so unless it was clear, upon the whole record, that the admission of the testimony probably influenced the verdict against the party objecting, it would not be ground for reversing a cause. And in this case there is positive evidence that the witness had express authority to make the debts sued on, and to bind the railway company therefore, so it is not likely, if error to admit the testimony, that it affected the rendition of the verdict. Since the seventh assignment charges that there was no evidence of authority in Ryan to contract debts chargeable to the appellant, it is disposed of by the observations next above.

[6] The second and ninth assignment of appellants Underwood and Sadler complain that there is no allegation and no evidence of insolvency of the defendant railway corporation, but that the testimony showed that it had assets. Article 6458, Rev. Civ. Stat. 1911, provides: "Each stockholder of any railroad corporation shall be held individually liable to the creditors of such corporation to an amount not exceeding the amount unpaid on the stock held by him, for any and all debts and liabilities of such corporation until the whole amount of the capital stock of such corporation so held by him shall have been paid." The effect of this statute is to make the stockholders sureties on the obligations of the railway company to the extent of the amount unpaid on the stock held by them, and it would not be necessary to prove that the corporation is insolvent; but when judgment is recovered against the corporation, and the evidence adduced upon the trial shows that the parties sued are stockholders, and that a sufficient amount remained unpaid on the stock so held to meet the debt sued for, as in this case, the judgment of the trial court should direct execution to issue, first, against the corporation, and, if not satisfied, then against the stockholders, to the extent of any unpaid portion of stock.

Under article 1626, Rev. Civ. Stat: 1911, the judgment of the trial court is so reformed; and it is so ordered.

Reformed and affirmed.