### CHASTAIN et al. v. HOSKINS et al.
### (No. 7947.)

(Court of Civil Appeals of Texas. Ft. Worth. April 18, 1914. Rehearing Denied May 23, 1914.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERRORS—STATEMENT ACCOMPANYING ASSIGMENT.

An assignment complaining of the action of the trial court in sustaining a special exception was disregarded because the accompanying statement did not show any order of the court sustaining the exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 37*)— ALTERATION OF DISTRICTS—POWERS OF COUNTY COMMISSIONERS.

The power conferred on the commissioners' court under Rev. St. 1911, art. 2815, authorizing the county commissioners to reduce the area of any common school district and to create such additional districts as may be necessary, etc., and article 2816, requiring them when necessary to redistrict the county and to consolidate or subdivide districts, etc., is very general, and a petition signed by citizens is not necessary to an exercise of the power; the only limitation being that no district shall be reduced to contain less than nine square miles.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 60–65, 67; Dec. Dig. § 37.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 39*)— ALTERATION OF DISTRICTS — POWERS OF COUNTY COMMISSIONERS.

An exercise of power by county commissioners under Rev. St. 1911, art. 2815, authorizing them to reduce, redistrict, consolidate, and

subdivide school districts when to the best interest of the school children, etc., is not reviewable except where there is an abuse of discretion.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 68, 69; Dec. Dig. § 39.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 32*)—ALTERATION OF DISTRICTS — POWERS OF COUNTY COMMISSIONERS.

Under Rev. St. 1911, art. 2815, authorizing the county commissioners to reduce, redistrict, consolidate, and subdivide school districts when necessary, etc., the commissioners did not abuse their discretion in transferring 2,500 acres of land from one school district to another, as they acted upon a petition of citizens interested, after a hearing of the people from both districts.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 52–54; Dec. Dig. § 32.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 32*)—ALTERATION OF DISTRICTS—"BONDED INDEBTEDNESS."

Vouchers issued by the trustees of a school district for the erection of a schoolhouse was not "bonded indebtedness" within Rev. St. 1911, art. 2815, inhibiting a reduction of the area of a school district where a bonded indebtedness exists.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 52–54; Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 1, pp. 834, 835.]

Appeal from District Court, Denton County; C. F. Spencer, Judge.

Action by R. H. Chastain and others against S. H. Hoskins and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Zumwalt & Key, of Denton, for appellants. Sullivan & Hill, of Denton, for appellees.

CONNER, C. J. At a time named in appellants' petition, the commissioners' court of Denton county transferred about 2,500 acres of land from the Hackberry common school district to the Little Elm common school district of Denton county, and this suit was instituted by R. H. Chastain, the owner of some of the land so transferred, and E. W. Stone and others, trustees of the Hackberry common school district, against S. H. Hoskins, the county judge of Denton county, and the several commissioners who, together with the county judge, constitute the commissioners' court of that county. It was alleged that the land so transferred was among the most valuable of the Hackberry district; that in making the change the boundary line had been brought within three-fourths of a mile of the Hackberry schoolhouse, and that unless the order of transfer was repealed or qualified it would become necessary to purchase another site and move the schoolhouse thereon; that said trustees of the Hackberry district had erected the house and executed vouchers for the cost duly approved by the county superintendent of Denton county, and that there yet remained outstanding the sum of $479; that

in order to pay said vouchers a special school tax of 15 cents on the $100 valuation of taxable property of the district had been voted; that it was questionable whether the citizens of the district would authorize a further assessment, and that hence the signers might, and would, become legally bound for their payment; that the transfer would have the effect of shortening the length of the school term in the district and cause a loss of pupils. It was further alleged that the commissioners' court, in acting upon the petition therefor, did not assign any reason why the transfer should be made; that the petition had not been signed by a majority of the voters residing in either district or in the territory transferred; that the court had transferred more territory than had been asked for in the petition; that the territory was not needed by the Little Elm district, but was necessary for the Hackberry district; that the plaintiffs appeared before and requested the commissioners' court to go upon the ground and inspect the same, and see for themselves the condition existing, but that the court refused such request. It was further alleged that the Little Elm school district had a special school tax of 50 cents on the $100 valuation, and that if the transfer was permitted to stand the plaintiff Chastain would be assessed with said special tax upon his land that was transferred to the Little Elm district, and that said tax would be collected, or attempt be made to collect, and that it would be illegal to collect, or attempt to collect, such tax. The prayer was for an injunction restraining the defendants from levying, assessing, and collecting taxes in the transferred territory as a part of the Little Elm district, and that said territory, or at least "300 or 400 acres nearest the Hackberry schoolhouse, be decreed a part of the Hackberry school district, and for general and special relief." The defendants answered generally to plaintiffs' petition, and specially excepted to that part thereof alleging the contract for the erection of the schoolhouse in the Hackberry district, and the plaintiffs' alleged liability thereon. The case was tried by the court without a jury, and judgment was rendered denying the relief asked by the plaintiffs, and they have appealed.

[1] Appellants' first assignment of error is to the action of the court, as they allege, in sustaining the special exception above referred to; but the assignment must be disregarded for the reasons that, in the statement following it, it is not shown that there was any order of the court sustaining the exception, nor do we find any such order in the court's judgment. Moreover, an examination of the statement of facts discloses that the evidence on the subject was received without objection appearing in the record.

[2-4] Other assignments question the power of the commissioners' court to make the

transfer of territory as alleged, and yet others insist that, if the power existed, there was an abuse of discretion. These assignments make it necessary that we review some of the articles of the statute relating to the subject. Article 2815 of chapter 15, tit. 48, Revised Statutes 1911, after imposing the duty of dividing and subdividing the respective counties into convenient school districts, further provides that:

"The county commissioners' court may reduce the area of any common school district and create such additional districts as may be necessary for the best interests of the school children; provided, that no school district shall be reduced to contain less than nine square miles of territory; * * * and provided, further, that the area of a school district having an outstanding bonded indebtedness shall never be reduced until after such bonded indebtedness shall have been fully discharged."

The next article (2816) declares that:

"It shall be the duty of the commissioners' court, at any time they deem necessary, to redistrict a part or all of said county; and they may at any time consolidate two or more adjacent school districts, or may subdivide any school district or districts."

It is thus seen that the power of the commissioners' court over the subject is very general. We know of no law, and none has been cited, which makes it necessary in order to an exercise of the power of the commissioners' court in forming common school districts or in reducing the area, or in subdividing the same, that it shall be done upon the petition of any given number of the citizens, or that an opportunity for a hearing shall be extended whenever in the judgment of that court such action may be deemed necessary for the best interest of the school children. They are given the power and are charged with the responsibility; the only limitation is that no district shall be reduced to contain less than nine square miles of territory or changed during the existence of a bonded indebtedness. It seems clear that an exercise of the power can only be reviewed where it is shown that there has been an abuse of discretion, and we fail to find any such abuse here. There is evidence to the effect that in subdividing the district the court acted upon a petition of citizens interested, after affording a hearing of the people from both districts, and that after such hearing and after deliberation the commissioners' court made the change complained of, believing that it would be for the best interest of the school children concerned. Moreover, it appears that after the transfer Little Elm district had but 10 square miles of territory; Robertson district, the only other one affected not heretofore named, 11 square miles; and the Hackberry district, 12 square miles. The mere fact that later, upon the complaint of the trustees complaining in this suit, the commissioners' court declined to reopen the matter, cannot affect the legality of the original action.

[5] While it may be true, as urged by the appellant Chastain, that his property cannot be lawfully subjected to the levy of 50 cents upon the $100 valuation made in the Little Elm district (see Crabb v. Celeste Ind. Sch. Dist., 105 Tex. 195, 146 S. W. 528, 39 L. R. A. [N. S.] 601, the question is not involved in the present suit. No evidence is referred to which shows that there has been, or will be, an effort of the authorities of the Little Elm district, to subject the property of the appellant Chastain to the 50-cent tax voted in that district. Nor can it be said that the "vouchers" which it is alleged the trustees of the Hackberry district issued for the erection of the schoolhouse constitute "bonded indebtedness" within the meaning of the statute inhibiting a reduction of the area of a school district in cases where a bonded indebtedness exists.

We conclude that there is no error in the judgment of the court below, and it is in all things affirmed.