## GUYLER v. GUYLER.     (No. 7882.)

(Court of Civil Appeals of Texas. Galveston. March 18, 1920.)

1. **Appeal and error** ⟺742(1)—**Assignments must be followed by statements showing action of court.**

Assignments in appellant's brief must be followed by statements showing that the special exceptions referred to therein were acted upon by the court.

2. **Appeal and error** ⟺1042(2)—**Striking immaterial allegations not prejudicial error.**

In action on note claimed by defendant to have been canceled and surrendered in consideration of defendant's agreement to support plaintiff the rest of her life, action of court in striking from answer immaterial allegations as to defendant's purpose in making such agreement and as to the surroundings making such agreement advisable *held* not material error.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ⬤1040(16)—Sustaining of special exceptions to answer held harmless in view of amendments.**

Action of court in sustaining special exceptions to portions of answer on ground of indefiniteness was harmless where defendant amended answer, pleading the same matter in a more definite form.

**4. Appeal and error ⬤662(3)—Qualification to bill of exceptions controlling.**

The court's qualification of bill of exceptions is controlling as to facts therein stated.

**5. Appeal and error ⬤728(1)—Objection to excluded testimony must appear from assignments.**

Where error is assigned to the exclusion of evidence, the ground of objection offered to the excluded testimony must appear from the assignments.

**6. Trial ⬤56—Exclusion of cumulative testimony proper.**

Court was justified in excluding testimony as to facts, proof of which was already undisputedly before the jury, from the testimony of both litigants.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Suit by Mrs. Lydia A. Guyler against R. W. Guyler. Judgment for plaintiff, and defendant appeals. Affirmed.

C. C. Glenn, of Sealy, and Johnson, Matthaei & Thompson, of Bellville, for appellant.
C. G. Krueger and Duncan & Duncan, all of Bellville, for appellee.

GRAVES, J. Mrs. Lydia A. Guyler brought this suit against R. W. Guyler to recover upon a promissory note for $2,800, with interest at the rate of 5 per cent. per annum, which she alleged he had duly executed and delivered to her, but had refused to pay after demand, although it was some time past due. She further averred that at some prior time she was then unable to fix exactly she had turned this note over to the defendant for safe-keeping, and that he had declined to return it to her.

In answer the defendant denied that he owed any such note, setting up as his defense that, long before the filing of this suit, by mutual agreement between the plaintiff and himself, the note had been surrendered to him, canceled, and merged into a new and different contract, whereby and in consideration of such surrender of the note he had agreed and undertaken to take care of and support the plaintiff the balance of her natural life; that he had upon consummation of that agreement at once entered upon the discharge of such new obligation to her, which plaintiff had fully agreed to, and had then for some time been and was still accepting the benefits of.

There were a number of pleadings back and forth between the parties, but such was the substance of the cause of action alleged and of the defense offered, and the court submitted the entire controversy to the jury in only one special issue, as follows:

"Did the plaintiff, Mrs. Lydia A. Guyler, surrender and deliver to the defendant, R. W. Guyler, the note of $2,800, the subject-matter of this suit, for and in consideration of the promise upon the part of the said R. W. Guyler to take care of and support the plaintiff, Mrs. Lydia A. Guyler, the remainder of her life?"

To this question the jury answered "No," whereupon judgment for the amount then found to be due upon the note declared upon was entered in plaintiff's favor against him, and the defendant appeals.

There is no complaint that this verdict was not supported by the evidence; error being assigned only as to the court's action in sustaining several exceptions to defendant's pleadings, and in excluding from the jury paragraph 6 of his original answer and certain testimony he offered.

The pleadings the court thus sustained special exceptions to were allegations: (1) "That defendant entered into the said contract with plaintiff for the mutual protection of both plaintiff and defendant, knowing that otherwise plaintiff would most likely soon be without means for her support, and that then all of the burden of plaintiff's care and support would fall upon defendant"; (2) that by means of the new contract so pleaded in defense by him the defendant was protecting plaintiff against unnamed designing and meddlesome persons, who were taking advantage of her infirmities, in that they were inspiring the bringing of this suit against him; (3) that the defendant had further made the contract he declared upon with plaintiff to protect her against her own excessive liberality with other relatives.

[1] These several protests against the judgment are offered under the first three assignments in appellant's brief. Among other well-taken objections to the manner of their presentment, however, none of them are followed by statements showing that the special exceptions referred to therein were ever acted upon by the court. This is held to be essential. Kampmann v. Rothwell, 107 S. W. 120; San Antonio v. Galbreath, 185 S. W. 901; Chastain v. Hoskins, 168 S. W. 421.

[2, 3] But if these deficiencies in the assignments themselves were overlooked, it is thought no material error is thereby indicated, for several reasons, among them: That the matters and things so excluded by the court were neither relevant nor material, since the only issue between the parties was whether or not the note sued on had in fact been canceled and surrendered in considera-.

tion of a verbal agreement between them that defendant should take care of plaintiff the rest of her life, and hence neither his purposes in making the alleged new contract nor such surroundings of plaintiff as may have made it advisable could properly affect the determination of the matter; further, in two of these three assignments the complaint is against the court's action in sustaining the special exception to the matter in the manner and form as set up in defendant's original answer in the cause, on the ground that the same was too vague and indefinite, whereas the record before us shows that in response to this ruling he availed himself of the right thereby accorded to amend his pleadings in those particulars, whereby in a new pleading he reiterated the same matter, but in a more definite, particular, and concrete form. If such action could be said to have been error at all, it thus clearly became harmless.

The proffered matters the court is next criticized for declining to receive were: (1) The reading to the jury of paragraph 6 of defendant's answer; (2) any answer of the plaintiff, Mrs. Guyler, while upon the witness stand under cross-examination to the questions, "Did you bring this suit of your own accord, or had any one influenced you?" and "Is it not a fact that Mr. Poindexter was paid for your board by Mr. R. W. Guyler while you lived with Mr. and Mrs. Poindexter?" (3) answers of the defendant R. W. Guyler while on the stand as a witness for himself to questions relating to the plaintiff's situation as to other relatives or property as follows: "Has she any other relatives who are able to take care of her?" "Did you and her talk about the property being depleted and wasted?"

[4] A sufficient answer to the first of these suggestions is the fact that the qualification appended by the court to the bill of exceptions relating to it shows that a special exception had been sustained to this paragraph 6 of the original answer. It was therefore no longer a part of the pleading nor receivable as such, since the court's qualification of the bill is controlling as to the facts therein recited. Railway Co. v. Berlin, 165 S. W. 62. See, also, Glover v. Pfeuffer, 163 S. W. 984.

[5] As concerns the other two, it affirmatively appears from the record that, with exception of the second question propounded to Mrs. Guyler with reference to who paid her board while she was living with the Poindexters, and that asked the defendant about talk between them concerning waste of her property, it neither appears from any of the assignments urging these matters nor the statements thereunder what ground of objection was offered to the excluded testimony; that this must appear where error is assigned to the exclusion of evidence has been uniformly held. Autrey v. Collins, 161 S. W. 413; First National Bank v. Smith, 160 S. W. 311; Saunders Live Stock, etc., Co. v. Kincaid, 168 S. W. 977; Solomon v. Merchants', etc., Bank, 168 S. W. 1029.

[6] Moreover, even if other respects in which most, if not all, of these assignments fail to meet the rules and requirements, and which it is not deemed necessary to particularize, were disregarded, it is not made to appear how answers to any of the inquiries propounded to either witness, except that touching the payment of Mrs. Guyler's board, hereinafter separately discussed, could have been material or relevant upon the single fact issue between them. The question was, simply whether or not they had made the new contract in lieu of the debt evidenced by the note sued upon, and neither motives for bringing the suit nor reasons one way or the other which may have actuated the parties in doing what they did do had any essential bearing upon it. Indeed, the proof one of these questions sought to elicit that the defendant paid Mrs. Guyler's board while she was living with the Poindexters was already undisputedly before the jury from the testimony for both litigants and was never in controversy between them; so that, if for no other reason, the court was justified in excluding that when offered again because merely cumulative. G., C. & S. F. v. Hays, 40 Tex. Civ. App. 162, 89 S. W. 29; Delgado v. Gonzales, 28 S. W. 459; Galveston, etc., Ry. Co. v. Matula, 79 Tex. 577, 15 S. W. 573; Camp v. League, 92 S. W. 1062; Coats v. Elliott, 23 Tex. 606.

The inquiry of the defendant himself about whether Mrs. Guyler then had any other relatives able to take care of her was made at this trial below on June 6, 1919, whereas the defensive agreement and consequent surrender of the note he relied upon was alleged by him to have been made in the summer of 1916. Obviously, therefore, no answer to the question could have tended to establish his defense.

While other grounds for an affirmance might be enumerated, what has been said is considered sufficient.

All assignments will be overruled, and the judgment of the court below in all things affirmed.

Affirmed.