**FICKE et al. v. FOLEY.   (No. 7648.)**

(Court of Civil Appeals of Texas. San Antonio.   Dec. 8, 1926.   On Motion for Rehearing, March 2, 1927.)

1. **Pleading ⟜110—One going to trial without urging plea of privilege submits to jurisdiction of court.**

Where party goes to trial without urging plea of privilege, he waives right and submits to jurisdiction of court.

2. **Appeal and error ⟜912—It will be presumed that facts sustain judgment on plea of privilege, where evidence is not disclosed by any statement of facts.**

Where judgment showed that plea of privilege was denied on facts, and evidence is not disclosed by any statement of facts, it will be presumed, on appeal, that facts sustain judgment.

**On Motion for Rehearing.**

3. **Venue ⟜22(1)—Landlord held entitled to have plea of privilege sustained, in action for destruction of fences by tenant.**

Where tenant destroyed fences, landlord, who was not connected with tort by knowledge, participation, or ratification, and who was joined as defendant in action for damages, *held* entitled to have plea of privilege sustained.

4. **Pleading ⟜110—Defendant did not waive plea of privilege, where court passed on exceptions to petition before ruling thereon because no evidence was introduced (Rev. St. 1925, art. 2007).**

Defendant *held* not to waive plea of privilege, though exceptions to petition were passed on before ruling on such plea, where he filed plea and court did not rule on it because no evidence was introduced, since plea, when filed, was prima facie proof of right to change of venue, under Rev. St. 1925, art. 2007, which was not overcome by plaintiff's controverting plea.

5. **Pleading ⟜111—Plaintiff must show authority to sue defendant within county where defendant filed plea of privilege.**

Where defendant filed plea of privilege, plaintiff had burden not only to allege, but to prove, authority to sue defendant in county where action was brought.

Appeal from San Patricio County Court; J. C. Russell, Judge.

Action by B. O. Foley against F. H. Ficke and another. From an order denying a change of venue on the named defendant's plea of privilege, defendants appeal. Reversed and rendered.

James G. Cook, of Sinton, for appellants. W. B. Moss, of Sinton, for appellee.

FLY, C. J.   This is a suit for damages arising from the destruction of fences around a certain parcel of land, instituted by appellee against F. H. Ficke and Pedro Torres, in the county court of San Patricio county. Ficke filed a plea of privilege to be sued in Guadalupe county, which was denied by the court, and this appeal has been prosecuted from the order denying the change of venue.

It is recited in the judgment:

"No evidence having been introduced by the parties under said plea of privilege and controverting affidavit, the court made no ruling thereon."

Next came on to be heard the general and special exceptions filed by defendants to the allegations in plaintiff's original petition, and the court thereupon overruled the said exceptions, to which the said defendants excepted. After passing on the exceptions, the court decided the application for change of

venue, the plea of privilege, and controverting affidavit, and held:

"The court is of the opinion that said plea of privilege should be and the same is hereby in all respects overruled."

The order of the court, it is stated in the conclusions of fact, was based on a waiver of the plea of privilege by the action of appellants in presenting and having passed on the general and special exceptions to the petition before presenting the plea of privilege.

[1] In this case appellants not only filed a general demurrer and special exceptions, but also filed a general denial and special matters of defense to the claim of appellee. The consideration of the plea took place after the exceptions were overruled. Where a party goes to trial without urging his plea of privilege, he waives his right and submits to the jurisdiction of the court. Parlin v. Miller, 25 Tex. Civ. App. 190, 60 S. W. 881; Galveston, H. & S. A. R. Co. v. Baumgarten, 31 Tex. Civ. App. 253, 72 S. W. 78; Karner v. Ross, 43 Tex. Civ. App. 542, 95 S. W. 46. There is nothing to indicate that there was a hearing on the merits of the case.

[2] The recitals in the judgment show that appellee introduced evidence to sustain his controverting affidavit, and that no testimony was offered by appellant. Upon that testimony the court overruled the plea of privilege. What the evidence was is not disclosed by any statement of facts, and the facts in the so-called findings of fact are very unsatisfactory. It must be presumed, however, that the facts sustain the judgment. Whatever reasons for the judgment may be given in the conclusions of law, the recitals of the judgment show that the plea of privilege was denied on the facts. Lindley v. Merchants' & Farmers' State Bank (Tex. Civ. App.) 264 S. W 159.

Under the statute as amended by the Act of 1917 (Rev. St. 1925, art. 2007), the court should have heard the evidence on the plea of privilege before the cause was tried on its merits, and the court doubtless was endeavoring to conform to the statute when appellants presented their exceptions to the petition which the court overruled and returned to consideration of the plea of privilege. After hearing the evidence, judgment was rendered against the plea.

The judgment is affirmed.

### On Motion for Rehearing.

[3] The statement of facts consists of the testimony of Foley, consisting of only a portion of one page of typewritten matter, and, being inclosed in a cover identical with those of the briefs, escaped the attention of this court on our first consideration of the case. Foley swore that Pedro Torres, a tenant of Ficke, committed the tort, and he does not connect Ficke with it, unless being the land-owner made Ficke responsible for all torts committed by tenants. This is, of course, absurd, and, as Ficke was not connected by knowledge of, participation in, or ratification of the tort, his plea of privilege to be sued in Guadalupe county was well taken, unless he waived such privilege by not pressing his plea.

[4] A reconsideration of the imperfect and confusing record convinces us that there was no waiver upon the part of Ficke, who, according to the recitals in the judgment, presented his plea of privilege to the court, and the court states because no evidence was introduced he would not decide the plea. After he had declined to rule on the plea of privilege, he took up and decided general and special exceptions filed by Ficke. After doing this, the court returned to the plea of privilege, and, as stated in the judgment, "determined to hear the said plea of privilege of the defendant F. H. Ficke, in advance of the hearing upon the main issue and trial of the case." This court, through some oversight, failed to note the fact that appellant Ficke did all that was required of him to have his plea passed on before anything else was done in the case, but it appears that the court refused to act on the plea and proceeded with other matters. When Ficke filed his plea of privilege, in the language of the statute, it was "prima facie proof of the defendant's right to change of venue." Rev. Stats. 1925, art. 2007. Filing the controverting plea did not destroy the prima facie case, but merely placed the plaintiff in a position to controvert the plea of privilege. When the plea and controverting plea were presented to the court without any evidence, he should have sustained the plea and changed the venue.

[5] The burden was on appellee not only to allege, but to prove, what would authorize him to sue Ficke in San Patricio county. Hutchison v. Hamilton (Tex. Civ. App.) 223 S. W. 864; Masterson v. O'Fiel (Tex. Civ. App.) 219 S. W. 1117; Strawn Merchandise Co. v. Texas Grain Co. (Tex. Civ. App.) 230 S. W. 1094; Sinton State Bank v. Tyler Commercial College (Tex. Civ. App.) 231 S. W. 170; Payne v. Coleman (Tex. Civ. App.) 232 S. W. 537.

The evidence offered by appellee did not tend to show that Ficke was a joint tortfeasor with Torres, and in no way connected him with the commission of the tort.

The motion for rehearing is granted, and the judgment denying a change of venue for Ficke from San Patricio county to Guadalupe county is reversed, and this court orders that the plea of privilege be granted and the venue changed to Guadalupe county, and to that end the clerk of the county court of San Patricio county will prepare the record as required by statute and send it to the county clerk of Guadalupe county.

Reversed and rendered.