# ROBERT NICHOLSON SEED CO. et al. v. REESE.

### No. 1064.

Court of Civil Appeals of Texas. Waco.
June 4, 1931.

Leake, Henry, Wozencraft & Frank, of Dallas, and Wear & Wear, of Hillsboro, for appellants.

Frazier & Averitte, of Hillsboro, and Bryan & Maxwell, of Waco, for appellee.

BARCUS, J.

This is an appeal from the action of the trial court in sustaining a general demurrer to appellants' pleas of privilege and in dismissing same. Appellee filed the suit against Robert Nicholson Seed Company, a corporation, and Robert Nicholson, individually, and alleged that the principal office of the corporation was in Dallas county, and that Nicholson lived in Dallas county. For cause of action he alleged in substance that he lived in Hill county and had established a business of improving and preparing and selling to the general public in Texas, Oklahoma, Arkansas, Louisiana, New Mexico, and practically all of the Southern States, a special seed corn known as "Reese Drouth Resister." Appellee alleged that appellants, for the purpose of destroying his business and the market for his corn and his good reputation, had willfully, maliciously, and fraudulently advertised in its catalogue a seed corn under the name of "Reece Drought Resistant," and in said catalogue had stated in effect that said corn was the corn sold by appellee, and had disseminated said catalogue in Hill county as well as elsewhere, and had sold large quantities of said corn to parties who thought they were purchasing, and who intended to purchase, the corn of appellee. Appellee gave the names in his petition of several parties who had purchased corn from appellants in Hill county who, he alleged, thought they were and who intended to purchase appellee's corn. Appellee alleged that, by reason of the acts of appellants, he had been damaged in the sum of $20,000.

Each of the appellants filed a statutory plea of privilege. Appellee filed a general demurrer to the pleas of privilege, and also filed controverting affidavits. The trial court sustained the general demurrer of appellee to appellants' pleas of privilege, and dismissed same without hearing any evidence in support thereof.

Appellee in his brief states that his position is that, "inasmuch as his petition alleges facts which, if true, would lay venue in Hill County, Texas, and further that appellants, (defendants below) in their pleas of privilege did not deny that such facts were true, that same were subject to a general demurrer seasonably presented." We do not agree with appellee's position.

Article 2007 of the Revised Statutes provides specifically for the essential allegations necessary to be embraced in a plea of privilege, and states emphatically that, when a statutory plea of privilege is filed, it shall be prima facie proof of the defendant's right to a change of venue, and further provides that, if the plaintiff desires to controvert the plea of privilege, he shall file a controverting affidavit under oath. It is unquestionably true that appellants' pleas of privilege are in statutory form and contain all of the statutory requirements.

In Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, 898, on certified questions, the Supreme Court stated: "To deprive a defendant of the right of trial in the county of his domicile, the case against him must be within an exception to article 1830 of the Revised Statutes. With the venue challenged, under proper plea, by one sued without his county, as shown by the plaintiff's pleading, or by proof, the burden not only to allege, but to prove that the case is within one of the exceptions to the statute rests on the plaintiff." This enunciation of the law has been followed many times since.

In World Co. v. Dow, 116 Tex. 146, 287 S. W. 241, 242, in answer to certified questions, many authorities were collated and discussed, and the court said: "The plaintiff in the trial court was seeking to deprive the defendant of the privilege of trial in the county of its domicile, by reason of an exception to article 1830 of the Revised Civil Statutes of 1911 (article 1995, R. C. S. 1925), and he had the burden of showing, by both allegation and proof, that his case came within such exception. * * * The burden rested upon him to offer evidence to show the existence of such exception. In the absence of any such showing, the trial court was not justified in overruling the plea of privilege by virtue of the fact that the plaintiff's 'petition, on its face, showed that venue of suit was properly laid in Archer county,' the allegations contained in his petition not being proof of the facts alleged. * * *"

In Johnson v. Dallas Cooperage & Woodenware Co. (Tex. Com. App.) 34 S.W.(2d) 845, 847, in answering certified questions, the

court stated: "The sworn plea of privilege in this case, according to the certificate, establishes prima facie that the original defendant * * * was entitled to be sued by the plaintiff * * * in Webb county. * * * When the provisions of article 2007 have been complied with by a defendant, in the absence of a controverting affidavit, for which the article also provides, being filed by a plaintiff, it is the duty of the court to make the order transferring the suit to a court having jurisdiction of the subject-matter in the county where the defendant resides."

Appellee cites some authorities which seem to hold that, where plaintiff's petition shows that his cause of action is for the recovery of land situated within the county where the suit is filed, the petition shows, as a matter of law, the court in said county has jurisdiction, and that under such circumstances it is not necessary for the plaintiff to file a controverting affidavit to defendant's statutory plea of privilege. Since the case at bar is not of that kind or character, it does not become necessary for us to, and we do not, determine the correctness of said holdings.

. Under the facts as stated in appellee's petition, his cause of action is for a tort or a trespass against appellants, who he alleged were residents of Dallas county. Appellants having filed a statutory plea of privilege as required by article 2007 of the Revised Statutes, it was incumbent upon appellee, in order to maintain the suit in Hill county, to file a controverting affidavit showing one or more exceptions to the general venue statute and offer sufficient proof thereon to establish a prima facie case. The trial court was in error in sustaining appellee's general demurrer to appellants' pleas of privilege and in dismissing said pleas of privilege.

The judgment of the trial court is reversed, and the cause is remanded.