### ECKERT–BURTON CONST. CO. et al. v. BOARD OF SCHOOL TRUSTEES OF CITY OF CORSICANA.

No. 1224.

Court of Civil Appeals of Texas. Waco.

June 9, 1932.

Leachman & Gardere, of Dallas, for appellant.

Davis, Jester & George, of Corsicana, for appellee.

ALEXANDER, J.

The board of school trustees of the city of Corsicana brought this suit against Eckert-Burton Construction Company and the Century Indemnity Company to recover damages for the breach of a contract to erect a school building. The plaintiff alleged that the construction company entered into a written contract to erect a school building in the city of Corsicana, Navarro county, and that the indemnity company executed a bond for the faithful performance of the contract. It was alleged that the construction company breached the contract, which breach resulted in damages to the plaintiff. The defendants each in due time filed separate pleas of privilege to be sued in Dallas county, the county of their residence. The plaintiff promptly filed a controverting plea under oath to each of the pleas of privilege, alleging, in substance, that the suit was upon a written contract signed by the defendants and performable in Navarro county. Plaintiff also filed a general demurrer to each of the pleas of privilege and a special exception thereto in which it was urged that, since plaintiff's petition alleged a suit on a written contract performable in Navarro county, and since the pleas of privilege failed to specifically deny such allegation, the mere allegation therein that no exception to exclusive venue in the county of one's residence provided by law exists in said cause, was insufficient to make a prima facie case for removal or change of venue. The trial court sustained the exceptions to the pleas of privilege, and, upon the failure of the defendants to amend, the pleas of privilege were dismissed. The defendants appealed.

■ The only question to be determined is the sufficiency of the pleas of privilege. The pleas were in statutory form and contained the allegation that "no exception to exclusive venue in the county of one's residence, provided by law, exists in said cause." It is appellee's contention, and the trial court apparently agreed therewith, that, since plaintiff had alleged a state of facts showing venue in the county where the suit was filed, it was incumbent on the defendants to specifically deny such allegations, and same could not be put in issue by the ordinary statutory plea of privilege. We cannot agree to this proposition. The Legislature has seen fit to prescribe the form of a plea of privilege, and has declared that, when the plea is in the form provided by the statute, it shall be sufficient.

Revised Statutes, art. 2007. Since the Legislature has provided that such a plea shall be sufficient, the courts have no authority to hold otherwise. Johnson v. First Nat'l Bank (Tex. Civ. App.) 42 S.W.(2d) 870, par. 1; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981, par. 3; First National Bank of Rhome v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500, par. 4; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, par. 11; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Ficke v. Foley (Tex. Civ. App.) 292 S. W. 624.

■ It has been held in numerous decisions that a plea of privilege in statutory form prima facie rebuts every allegation of fact contained in plaintiff's petition, and that plaintiff cannot rely on the allegations of fact in his petition nor introduce evidence showing that the case comes within one of the exceptions to exclusive venue in the county of one's residence unless he files a controverting affidavit setting up the facts bringing the case within the exception. The allegation that the defendants executed a written contract performable in Navarro county, was an allegation of fact that would have to be proven upon the hearing on the plea of privilege. The plea of privilege not only controverted this allegation, but furnished prima facie evidence that it was untrue. Upon the filing of such a plea by the defendants, the burden shifted to the plaintiff to both allege and prove that the case came within one of the exceptions, and until this was done the defendants prima facie had the right to have the case transferred. Johnson v. Dallas Cooperage & Woodenware Co. (Tex. Com. App.) 34 S.W.(2d) 845; Berry v. Pierce Petroleum Corporation (Tex. Com. App.) 39 S.W.(2d) 824; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, par. 6.

The appellee relies on the case of Barnum v. Lancaster Hardware Co. (Tex. Civ. App.) 40 S.W.(2d) 1103, which apparently supports its contention. With great deference to the court rendering that decision, we are unable to agree with the holding therein. In that case the court held that, notwithstanding the plea was in the form provided by statute, it was insufficient. The statute provides otherwise, and we feel compelled to follow the statute. We believe that the holding in the above case is in conflict with the holding of the Commission of Appeals in the case of Johnson v. Dallas Cooperage & Woodenware Co., 34 S.W.(2d) 845.

From what has been said, it is apparent that we are of the opinion that the trial court erred in sustaining the exceptions to the pleas of privilege and in dismissing the pleas. It appears that the pleas were duly controverted, and the parties are entitled to a hearing on the merits as to the proper venue of the suit.

The judgment of the trial court is reversed, and the cause remanded.