## UNION NAT. BANK OF HOUSTON et al. v. JORDAN.

### No. 1327.

Court of Civil Appeals of Texas. Waco.

Feb. 9, 1933.

Andrews, Streetman, Logue & Mobley, of Houston, and H. H. Sagebiel, of Fredericksburg, for appellants.

Alfred Petsch, of Fredericksburg, for appellee.

ALEXANDER, Justice.

This action was brought in the district court of Gillespie county by R. E. Jordan as receiver of Taylor-Burke Motor Company against the Union National Bank of Houston, James L. Clayton, and W. L. Burke to recover the amount of certain funds belonging to the plaintiff and alleged to have been converted by the defendant. J. L. Clayton and said bank were alleged to be residents of Harris county and W. L. Burke was alleged to be a resident of Gillespie county. The defendants, Clayton and the bank, each filed pleas of privilege to be sued in the county of their residence. These pleas were in the statutory form, and contained the allegation that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause," as provided in Revised Statutes, article 2007. The plaintiff excepted to said pleas of privilege because the allegations therein were mere conclusions, and because said pleas did not specifically deny the matters of fact showing venue in Gillespie county, as alleged in plaintiff's petition. The trial court sustained these exceptions, and overruled the pleas of privilege. The defendants, Union National Bank and Clayton, appealed.

The pleas of privilege were in the form as provided by statute, and, under the express provision of Revised Statutes, article 2007, are declared to be "sufficient." Such pleas were not subject to any exceptions, and the trial court should not have sustained any exception thereto. Eckert-Burton Const. Co. v. Board of School Trustees of City of Corsicana (Tex. Civ. App.) 51 S.W.(2d) 642, par. 1; Johnson v. First Nat'l Bank (Tex. Civ. App.) 42 S.W.(2d) 870, par. 1; American Fruit Growers v. Sutherland (Tex. Civ. App.) 50 S.W.(2d) 898; Murphy v. Dabney (Tex. Civ. App.) 208 S. W. 981, par. 3; First National Bank of Rhome v. Cage (Tex. Civ. App.) 32 S.W.(2d) 500, par. 4; Oakland Motor Car Co.

v. Jones (Tex. Civ. App.) 29 S.W.(2d) 861, par. 11; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Ficke v. Foley (Tex. Civ. App.) 292 S. W. 624; Robert Nicholson Seed Co. v. Reese (Tex. Civ. App.) 39 S.W.(2d) 950.

These pleas of privilege being in the form as provided by the statute, prima facie rebutted every allegation of fact alleged in plaintiff's petition. Plaintiff could not rely on the allegations of fact as made in his petition, nor introduce evidence of the truth thereof unless and until he filed a controverting affidavit setting up anew the necessary facts to show that the case came within one of the exceptions to the general venue statute. Eckert-Burton Const. Co. v. Board of School Trustees of City of Corsicana (Tex. Civ. App.) 51 S.W.(2d) 642, par. 2; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, par. 6.

The judgment of the trial court is reversed, and the cause remanded for a new trial.