### J. B. COALSON v. J. V. W. HOLMES.

No. 2891. Decided May 3, 1922.

(240 S. W., 896.)

1.—Practice on Appeal—Plea of Privilege—Bill of Exceptions—Statement of Facts.

A bill of exceptions is an appropriate means of preserving the facts in proceedings preliminary to final trial, such as the action on a plea of privilege by defendant. But such determination may be regarded as a part of the trial referred to in the statute directing the preparation of a statement of facts; and the evidence, etc., presented by that method, disregarding mere form, should be considered on appeal, though not preserved by bill of exceptions. (Pp. 508, 509).

2.—Same.

It seems that no bill of exceptions is necessary where the ruling on venue was presented by special exceptions to the petition, and, all being a matter of record, no evidence need be otherwise preserved. (P. 509).

3.—Cases Qualified.

The following cases, for conflict of which with the ruling herein writ of error was granted, are, it seems, hereby materially qualified, if not over-ruled. Levy v. Lupton, 156 S. W., 363; American Warehouse Co. v. Ray, 150 S. W., 764; Ward v. Odem, 153 S. W., 634.   (Pp. 508, 509).

4.—Statement of Facts—Copying into Transcript.

Copying a statement of facts into the transcript, instead of transmitting the original, is a mere informality in the manner of bringing up the case (Royal Ins. Co. v. Texas & G. Ry. Co., 102 Texas, 307).   Objection by appellee to its consideration, if available, must be taken within thirty days after the transcript is filed.   (P. 509).

5.—Venue—Plea of Privilege—Burden of Proof.

Where the venue is challenged by proper plea of privilege, by one sued without the county of his residence, the burden of alleging and proving that the case is within one of the exceptions made by the statute rests on the plaintiff.   (P. 510).

6.—Venue—Plea of Privilege—Fraud—Case Stated.

Plaintiff, living in Parker County, signed in Tarrant County a contract for exchange of his land in Taylor County for town lots of defendant in Tarrant County.   Defendant lived in Nolan County, signed the contract there, and sent it to plaintiff in Parker County.   The latter sued in Parker County for damages by misrepresentations, made in a letter from defendant's agents inducing the trade, and sent to him in Parker County by mail.   Held that defendant's plea of privilege to be sued in Nolan County was improperly overruled—the facts not constituting an exception entitling plaintiff to sue in Parker County.   The appellate court, reversing a judgment in favor of plaintiff, properly directed the trial court to sustain the plea and transfer the case to Nolan County.   (Pp. 506-510).

Error to the Court of Civil Appeals for the Second District, in an appeal from Parker County.

Plaintiff sued defendant in Parker County and recovered judgment, defendant's plea of privilege to be sued in Nolan County, the place of his residence, having been overruled.   On defendant's appeal the judgment was reversed and the venue ordered changed to Nolan County.   (178 S. W., 628).   Plaintiff thereupon obtained writ of error.

*R. L. Stennis, James C. Wilson,* and *E. H. Grindstaff,* for plaintiff in error.

An alleged error of the trial court in overruling a plea of privilege to be sued in the county of one's residence is waived and can not be taken advantage of on appeal unless the action of the court and the defendant's exception thereto are preserved by a bill of exceptions.   American Warehouse Co. v. Ray, 150 S. W., 763; Levy v. Lupton, 156 S. W., 362; Ward v. Odem, 153 S. W., 634.

In the absence of a statement of facts the findings of fact by

the trial court are conclusive on the issue.  Texas & P. Ry. Co. v. Purcell, 44 S. W., 1058.

The appellate court has no right to consider an alleged copy of the original statement of facts incorporated in the transcript at the instance of appellant, where appellee, by statements in his brief filed more than twenty days before the submission of the cause, objects to a consideration of said alleged copy of the statement of facts.  Royal Ins. Co. v. Texas & G. Ry. Co., 102 Texas, 306; Vickrey v. Burks, 121 S. W., 177.

The evidence being insufficient to sustain the plea of privilege to be sued in the county of ones residence, it is proper for the trial court to overrule the plea, and error for the Court of Civil Appeals to reverse the order of the trial court.  Texas & P. Ry. Co. v. Purcell, 44 S. W., 1058; Baldwin v. Richardson, 87 S. W., 353; Scaeif v. Crofford, 146 S. W., 1003; Mangum v. Lane City Rice Milling Co., 95 S. W., 605.

It is improper for the Court of Civil Appeals to render judgment where a case has been reversed, where no finding was made on one of appellee's pleas, or to do so would require it to substitute its findings of fact for those of the jury or trial court, and to find on some issues on which the jury or trial court made no finding, or where the facts were imperfectly pleaded and it was disclosed that plaintiff by amendment might plead a good cause, or where it does not conclusively appear that the case was fully developed in the trial court, or where the record indicates that additional evidence may be obtained.  Dunn v. Taylor, 108 Texas, 337, 113 S. W., 265; Irving v. Freeman, 155 S. W., 931; Elliott v. Morris, 98 S. W., 220; Allen v. Anderson, 96 S. W., 54; Texas & P. Ry. Co. v. Hughes, 94 S. W., 130; Hurst v. Benson, 71 S. W., 417.

The Court of Civil Appeals erred in holding that the privilege to be sued in the county of one's residence may be invoked by special exception addressed to the plaintiff's petition.  Ward v. Odem, 153 S. W., 634.

The burden is upon the defendant to prove the facts necessary to sustain his plea of privilege, and the court erred in that the burden was on the plaintiff in such a hearing.  Scaeif v. Crofford, 146 S. W., 1003; Mangum v. Lane City Rice Milling Co.; 95 S. W., 605; Houston Oil Co. v. Davis, 154 S. W., 337; Baldwin v. Richardson, 87 S. W., 353.

Where any actionable act of fraud is alleged, although imperfectly, as a basis for venue in the county where the act of fraud is alleged to have been committed, and it is apparent or probable from the record that further evidence can be produced thereon at a subsequent trial, it is improper for the appellate court to reverse and render on such issue where there is no evidence contradicting such allegations, and where there has been no specific finding by the trial court as to such particular allegations.  Dunn v. Taylor, 108 Texas, 337; Texas & P. Ry. Co. v. Hughes 94 S.

W., 130; Allen v. Anderson, 96 S. W., 54; Baldwin v. Richardson, 87 S. W., 353; Texas & P. Ry. Co. v. Purcell, 44 S. W., 1058.

The court erred in holding that the construing the letter to plaintiff under the circumstances as a representation that the property was renting for the sums therein indicated was a fundamental error. Rio Grande Ry. Co. v. Brownsville, 45 Texas, 88; Bexar Building Assn. v. Newman, 25 S. W., 461; Article 1612, Rev. Stats.; Gulf, C. & S. F. Ry. Co. v. Foster, 44 S. W., 198; Foust v. Warren, 72 S. W., 405.

*J. H. Beall* and *Hunt & Teagle,* for defendant in error.

It is settled by a long line of decisions that the defendant may raise the question of venue, or the right to be sued in the county of his residence, by a special exception where the petition shows no ground for suing the defendant out of the county of his residence. Masterson v. Cundiff, 58 Texas, 472; Thompson v. Locke, 66 Texas, 383; Wolfe v. Sahm, 120 S. W. 1116; Seley v. Whitfield, 46 S. W. 865; Railway Co. v. Vermea Land Co., 54 S. W., 324; Townes on Texas Pleading, 328.

If it should be held that venue cannot be raised by special exception, such conclusion could not affect the decision of the Court of Civil Appeals in remanding this cause and ordering it transferred to the proper county, for the reason that the record shows that a plea of privilege was filed and acted on by the trial court.

As the action of the court in overruling the plea of privilege and in overruling the special exception raising the point clearly appears from the record, no bill of exception was necessary to preserve the point and present it in the appellate court. Vernon Sayles' Statutes, Art. 2062; Withers v. Crenshaw, 155 S. W. 1189; Crowell School District v. Bank, 163 S. W. 339; Western Union Tel. Co., v. Forest, 157 S. W. 204; Gibson v. Pierce, 146 S. W. 983; Harbinson v. Cottle County, 147 S. W. 719; St. L. B. & M. R. Co. v. Webber, 210 S. W., 677.

When any informality exists in the manner of bringing the case in the Court of Civil Appeals, all parties are required to file their objections by motion within thirty days after the record is filed, and failure to do so would be deemed a waiver of such errors or defects that are not jurisdictional. Rule of Courts of Civil Appeals, 8, 9 and 22, 142 S. W., XI and XII; Tompkins v. Pendleton, 160 S. W., 290; McLane v. Haydon, 178 S. W., 1197; Crawford v. Wellington Ry. Committee, 174 S. W., 1004; Royal Ins. Co. v. Texas & G. Ry., 116 S. W., 46; Railway v. Stoker, 102 Texas, 60; Railway v. Waggoner, 102 Texas, 260; Martin v. Rutherford, 153 S. W., 156.

It is made the duty of each party to see that a correct record is sent to the Court of Appeals, and after the expiration of thirty days neither party will be permitted to either question the correct-

ness, or move to correct the record except where jurisdictional questions are involved. Rule 22, Court of Civil Appeals, 142 S. W., XII; Bank v. Watson, 178 S. W., 657; Railway v. Parker, 104 Texas, 162.

As the defendant below had no right of appeal from the interlocutory judgment overruling his plea of privilege, he clearly had the right to complain on an appeal from the final judgment. Brown v. Thomson, 3, S. W., 1087; Simmers v. Anderson, 122 S. W., 910; Maund v. Davidson, 123 S. W. 228. Hope v. Long, 122 S. W., 40; Naylor v. Naylor, 128 S. W., 475.

The Court of Civil Appeals properly remanded this case with instructions to transfer to the proper county because the uncontradicted evidence showed that this action should have been taken by the trial court. Henne & Meyer v. Moultrie, 97 Texas, 216; Eastham v. Hunter, 98 Texas, 560; Durrell v. Farwell, 88 Texas, 98; Williams v. Jones, 33 S. W., 1092; Parrish v. Frey, 44 S. W. 322.

The Supreme Court is bound by the facts found by the Court of Civil Appeals when the evidence is conflicting, except such facts as may be necessary to its jurisdiction. Railway Co. v. Echols, 87 Texas, 339; Goodwin v. Gunter, 185 S. W. 295; Wilson v. Freeman, 185 S. W. 993; G. C. & S. F. R. R. Co. v. Nelson, 192 S. W. 1056.

Mr. Justice GREENWOOD delivered the opinion of the court.

Plaintiff in error sued defendant in error, in the District Court of Parker County, to recover damages for fraud in an exchange of lands.

Plaintiff in error alleged that Allen and Rockwell, as agents of defendant in error, wrote plaintiff in error a letter, addressed to him at his postoffice in Parker County and which he there received, stating that certain lots which defendant in error offered to exchange for land of plaintiff in error were improved lots in Fort Worth, with 32 three-room rent houses, about two years old, nicely papered and painted, a deep well, a wind mill, an electric pump and sewage system, and further stating that defendant in error would trade for plaintiff in error's land, making the guarrantee for 12 months of a total rental from the houses of $50.00 per week as follows: 12 houses at $2.00 per week $24.00, 12 houses at $1.50 per week $18.00, 8 houses at $1.00 per week $8.00; that the letter was written in reply to a letter from plaintiff in error inquiring about the rentals then received for the defendant in error's lots; that plaintiff in error was thereby induced to believe, and did believe as defendant in error intended, that said houses were rented for the aggregate sum of $50.00 per week; that in reliance on the representations in said letter, and other similar representations made outside of Parker County, plaintiff in error conveyed his land to defendant in

error and received therefor the conveyance of defendant in error to the Fort Worth lots; that the conveyances were exchanged in Parker County, and, at that time, defendant in error re-affirmed his guaranty relative to the amount of rents to be derived from the Fort Worth lots; that said lots were not renting for $50.00 per week, but had a rental value not to exceed $38.00 per week; that the representations as to the age and condition of the improvements on the Fort Worth lots were false; that the actual market value of the Fort Worth lots did not exceed $15,000; that had the representations made to plaintiff in error been true said lots would have been of the market value of $26,000, which was the market value of plaintiff in error's land, and therefore plaintiff in error sought to recover damages of defendant in error in the sum of $11,000.

Plaintiff in error also joined Allen and Rockwell as defendants, asking judgment against them for $11,000 damages, on averments that they had conspired with defendant in error to deceive plaintiff in error into making said exchange and had written the letter misrepresenting the age and condition of the houses and the rents derived therefrom.

Defendant in error, joined by Allen and Rockwell, filed a plea of privilege to be sued in Nolan County, Texas, averring that when the suit was filed, and since, they were not residents of Parker County, but that defendant in error and Rockwell were residents of, and domiciled in, Nolan County, Texas, and Allen was a resident of, and domiciled in, Irion County, Texas; and that none of the exceptions to exclusive venue in the counties of the residences of defendants existed in said cause. Allen waived his right to be sued in Irion County, upon the case being transferred to Nolan County.

On April 4, 1912, the plea of privilege was heard and sustained by the court, and an order was entered transferring the case to the District Court of Nolan County. On April 27, 1912, the court sustained a motion for rehearing, filed by plaintiff in error, set aside its previous order, and overruled the plea of privilege.

At the time these orders were made, a statement of facts was filed, showing the proceedings and evidence at the hearing of the plea of privilege and of the motion for a rehearing of the order sustaining the plea.

It appears from a copy of the statement of facts, embodied in the transcript, that all the evidence offered by both parties in support of, and against, the plea of privilege consisted of the following:

First: A written contract between plaintiff in error and defendant in error whereby defendant in error agreed to convey to plaintiff in error the Fort Worth lots, and whereby plaintiff in error agreed to convey a certain 4428 acres of Taylor County land to defendant in error.

Second: An agreement that the domiciles of defendant in error, Allen, and Rockwell were truly stated in the plea of privilege.

Third: A letter from Allen and Rockwell, which it was admitted was addressed to plaintiff in error and was received by him in Parker County, stating the Fort Worth property consisted of 32 three-room rent houses about two years old, nicely papered and painted, with deep well, wind mill, electric pump, and sewage system, and that defendant in error would trade for plaintiff in error's land, making the following guarantee for 22 months, each party to pay 2½ per cent commission, viz: 12 houses at $2.00 per week $24.00; 12 houses at $1.50 per week $18.00; and 8 houses at $1.00 per week $8.00; making a total per week of $50.00. The letter also showed that on the basis of the guaranteed rental the lots would pay, after deducting taxes and insurance, 8 per cent net on $30,000.

Fourth: An agreement that the exchange contract was signed by plaintiff in error at Fort Worth, by defendant in error at Sweetwater, and was returned to plaintiff in error in Parker County, with a letter stating that plaintiff in error had gotten ''some good income property.''

Fifth. An agreement that the letter of Allen and Rockwell to plaintiff in error was in response to a letter from plaintiff in error making inquiry about what the Fort Worth lots were bringing in rentals.

At the March term, 1914, defendant in error requested the court to submit to the jury the issues presented by his plea of privilege, to which plaintiff in error objected, on the ground that the court's previous order conclusively determined the plea, which objection was sustained, and the court declined to again hear or determine the plea.

The trial of the case, on the merits, on April 24, 1914, resulted in a verdict and judgment for plaintiff in error, against defendant in error, for $4038.50, and in favor of Allen and Rockwell.

On appeal, the Fort Worth Court of Civil Appeals reversed the judgment of the District Court, in so far as same was against defendant in error, and remanded the cause, with directions to sustain the plea of privilege and to transfer the case to the District Court of Nolan County for a new trial as between plaintiff in error and defendant in error. 178 S. W., 628.

Plaintiff in error complains of the action of the Court of Civil Appeals in reviewing the order overruling the plea of privilege, in the absence of a bill of exceptions, citing Levy v. Lupton, 156 S. W., 363; American Warehouse Co. v. Ray, 150 S. W., 764; and Ward v. Odem, 153 S. W., 634.

These cases are cited on the proposition that defendant in error having taken no bill of exceptions when his plea of privilege was overruled is to be considered as having acquiesced therein, under rule 70 for the District and County Courts, 142 S. W., XXII. The writ of error was granted because of the conflict between those decisions and the decision in this case.

If the evidence submitted on a plea of privilege be brought before the appellate court in either a bill of exceptions or a statement of facts, we are sure it should be considered. The bill of exceptions is an appropriate means of disclosing proceedings preliminary to the trial of a cause on its merits. But the determination of an issue presented by a plea of privilege may well be regarded as a part of the "trial" referred to in our statute directing the preparation of a statement of the facts given in evidence on the trial. Mi Palmo v. Slayden & Co., 100 Texas, 15, 92 S. W., 796; Gulf C. & S. F. Ry. Co. v. Muse, 109 Texas, 360, 4 A. L. R., 613, 207 S. W., 897. So far as concerns the court's order on the plea of privilege and a party's exception thereto, a bill of exceptions would be entirely useless, the proper entry on the minutes definitely disclosing such order and exception. For that reason, no bill would be required where the question of venue was determined on special exception only. Thomson v. Locke, 66 Texas, 386, 1 S. W., 112. Disregarding mere form, it is quite indisputable that defendant in error did not acquiesce in the court's action in overruling his plea. Instead of acquiescing, he was excepting, and he was preparing and preserving everything requisite to avail himself of his exception in the reviewing court.

It can hardly be said that defendant in error failed to take a bill of exceptions. He preserved in the record all that transpired in the court below when his plea of privilege was heard and sustained, and when it was heard and overruled, in the order on the minutes and in what is termed a statement of facts, both authenticated by the trial judge. Not only does the statement of facts show all the evidence introduced in support of, and against, the plea, and the court's action thereon, but it also shows, by express reference to the order overruling the plea, the exception to the court's ruling as reserved in open court. Therefore, we have in the record all that would be required in a proper bill of exceptions, if we ignore mere form. We should ignore mere form not only in obedience to the dictate of reason but in obedience to the mandate of article 2059 of the Revised Statutes.

Royal Insurance Co. v. Texas & P. Ry. Co., 102 Texas, 307, 116 S. W., 46, is decisive of the proposition that copying the statement of facts into the transcript, instead of transmitting the original, was a mere informality in the manner of bringing the case to the Court of Civil Appeals. Under rule 8 for the Courts of Civil Appeals, 142 S. W., XI, plaintiff in error was required to object to the consideration of the statement as copied within thirty days after the transcript was filed. His failure to make objection of any sort, for some six months after the filing of the transcript, was a clear waiver of any objection to the manner in which the statement of facts was presented. The Court of Civil Appeals correctly refused to disregard the copy of the statement in determining the appeal.

To deprive a defendant of the right of trial in the county of his

domicile, the case against him must be within an exception to article 1830 of the Revised Statutes. With the venue challenged, under proper plea, by one sued without his county, as shown by the plaintiff's pleading, or by proof, the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff. Pecos & N. T. Ry. Co. v. Thompson, 106 Texas, 460, 167 S. W., 801; Hilliard Bros. v. Wilson, 76 Tex., 184, 13 S. W., 25; Durango Land & Timber Co. v. Shaw, 165 S. W., 490; Cloyd v. Sacra, 175 S. W., 457; Graves v. McCollum & Lewis, 193 S. W., 217. Plaintiff in error wholly failed, on the hearing or rehearing of the plea of privilege, to meet the burden resting on him to prove a cause of action for fraud committed in Parker County. The Court of Civil Appeals directed the entry of the order, on the plea of privilege, to which defendant in error was in law entitled in the trial court, and the Supreme Court would not be authorized to set aside the judgment of the Court of Civil Appeals, in order that another trial be had of the plea of privilege. Pecos & N. T. Ry. Co. v. Thompson, 106 Texas, 461.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*