## BUSH & GERTS PIANO CO. OF TEXAS v. CONNOLLY et al. (No. 8734.)

(Court of Civil Appeals of Texas. Galveston. Jan. 22, 1926.)

**Pleading ⬗111—Contract or breach of contract performable in county of venue so as to make cause triable there held not shown prima facie (Rev. St. 1911, art. 1830, subd. 24).**

In action for negligent shipment of piano, prima facie case that company contracted or breached contract performable in county of venue so as to make cause triable there, under Rev. St. 1911, art. 1830, subd. 24, *held* not shown.

Appeal from Wharton County Court; W. G. Davis, Judge.

Suit by Mrs. Eloise Connolly and another against Bush & Gerts Piano Company of Texas. From an order refusing to sustain a plea of privilege to be sued in county of its domicile, defendant appeals. Reversed and remanded, with instructions.

W. M. Pierson and Lee P. Pierson, both of Dallas, for appellant.

PLEASANTS, C. J. This appeal is from an order of the county court of Wharton county, refusing to sustain a plea of privilege to be sued in the county of its domicile, filed and presented by appellant in a suit brought against it in said court by appellees.

"The suit was instituted in the county court of Wharton county, Tex., on June 11, 1924, by Mrs. Eloise Connolly, joined pro forma by her husband, Eugene T. Connolly, against Bush & Gerts Piano Company of Texas. Plaintiff's suit was for damages against defendant on account of alleged improper packing of a piano for shipment from Lane City, Tex., to Boston, Mass. Plaintiff alleged, among other things, that on account of such alleged negligence and carelessness the piano was damaged in the sum of $201.23; the various items of alleged damage being set out in plaintiff's petition. Defendant, in due time, filed its plea of privilege; said plea of privilege being in the prop-

er form and following the statutes relative thereto."

In answer to this plea of privilege, the appellees filed the following controverting affidavit:

"Comes now the plaintiffs, Mrs. Eloise Connolly and Eugene T. Connolly, and in answer to the defendant's plea of privilege filed herein, and by way of controverting the same, file this their controverting plea and respectfully represent: That said defendant Bush & Gerts Piano Company of Texas is a private corporation, duly organized under the laws of the state of Texas, and has its domicile and principal office in the city of Dallas in Dallas county, Tex., and that Paul E. Berling is vice president of said corporation, all of which appears from said defendant's plea of privilege filed in this cause.

"Plaintiffs say that the cause of action herein sued upon arose in Wharton county, Tex.; that said cause of action is predicated upon the breach of a certain contract alleged in plaintiffs' petition to have been entered into between the plaintiff Mrs. Eloise Connolly, acting by and through her agent, T. W. Lane, with the defendant on the 9th day of July, 1922, by the terms of which said contract the defendant agreed and obligated itself to crate and pack a certain Mason & Hamlin piano then situate in Lane City in Wharton county, Tex., and ship the same to Mason & Hamlin Company at Boston, Mass., for which plaintiffs agreed to pay defendant the customary, usual, and reasonable charge therefor; that pursuant to said agreement the said Bush & Gerts Piano Company of Texas, by and through its agent, servants, and employees, went to Lane City in Wharton county, Tex., on or about July 12, 1922, crated and packed said piano for shipment, and shipped the same to said Mason & Hamlin Company at Boston, Mass., for which services the plaintiffs paid to said defendant the sum of thirty ($30) dollars. Plaintiffs allege that neither said defendant nor its agents, servants, or employees did in a workmanlike and careful manner safely and securely crate and pack said piano for shipment as aforesaid, but, upon the contrary, so negligently crated and packed said piano that upon its arrival at its destination it was in a bad and damaged condition, and so injured by reason thereof that it was damaged in the amount of two hundred one ($201.23) and 23/100 dollars, which said damages were caused by the carelessness and negligence of said defendants, in the incompetency of its said agents and employees in undertaking to pack said piano, in crating and packing said piano in a box wholly unfit for such purposes, and in not securely crating said piano within said box.

"Wherefore plaintiffs show to the court that the venue of this suit is expressly authorized under the provision of subdivision 24 of article 1830 of the Revised Civil Statutes of Texas, 1911, providing that suits against private corporations may be commenced in any county in which cause of action or a part thereof arose."

An examination of the record discloses that, upon the hearing of the plea, plaintiff failed to establish, by the evidence offered, a prima facie case against appellant, in that the evidence is not sufficient to show that appellant breached a contract performable by it in Wharton county or that it entered into a contract with appellees as alleged in the petition. Coalson v. Holmes, 240 S. W. 896, 111 Tex. 502.

In this state of the record, the trial court erred in overruling appellant's plea of privilege, and the judgment must be reversed and the cause remanded, with instructions to the trial court to sustain the plea and transfer the cause to the proper court of Dallas county, and it has been so ordered.

Reversed and remanded, with instructions.