## FOSTER et al. v. WRIGHT. (No. 10153.)

Court of Civil Appeals of Texas. Dallas. Feb. 4, 1928.

1. **Venue**  ⬅⚬22(3)—Overruling defendants' plea of privilege held error, where they were not parties to alleged fraud in procuring entry of original judgment (Rev. St. 1925, art. 1995, § 5).

Where nonresident defendants, though parties to original suit in D. county by receiver on notes, had no knowledge thereof, and were not parties to agreement for entering judgment therein, which was to be satisfied by proceeds of sale of property securing notes under trust deed, they were neither necessary nor proper parties to suit by receiver in D. county to set aside judgment for fraud on theory of liability as members of trust which transferred its property to trust which executed notes, and hence

overruling their plea of privilege to be sued in county of their residence was error, since none of them were suable in D. county, within Rev. St. 1925, art. 1995, § 5, where it was not shown they signed the original notes; venue of suit thereon properly being in D. county.

2. **Receivers** ⊙⟞177—**Court appointing receiver did not have exclusive venue of suit by receiver to set aside judgment and for judgment against nonresident defendants (Rev. St. 1925, arts., 1995, 2310, 2311).**

Since exceptions to general venue law of Rev. St. 1925, art. 1995, do not, in view of articles 2310, 2311, give exclusive venue to court appointing a receiver of suits by the receiver, district court of D. county, which appointed a receiver for trust estate, did not have exclusive jurisdiction of suit by receiver to set aside a judgment and for judgment against nonresidents not within exception to venue statutes.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by G. G. Wright, receiver, against J. H. Foster and others. Pleas of privilege of named defendant, and defendants W. A. Brown and W. D. Young were overruled, and they appeal. Reversed and remanded, with instructions.

H. E. Lobdell and C. T. Gettys, both of Decatur, for appellants.

John W. Pope and J. L. Zumwalt, both of Dallas, for appellee.

JONES, C. J. Appellants W. A. Brown, W. D. Young, and J. H. Foster are residents of Wise county, Tex., and a plea of privilege filed by each of them, in this suit in the district court of Dallas county, in which they and others were made defendants, was each overruled, and an appeal perfected by them to this court.

The necessary facts are: Appellee, G. G. Wright, is the receiver of the United Home Builders of America, a trust estate, under appointment of the district court in which this suit is pending, and the affairs of such association are being administered in such court through said receiver. The World Refining Company, a defendant in this suit, is a trust estate, conducting its affairs through trustees, with its business office in Tarrant county, Tex. Texas State Refining Company, another defendant in this suit, was conducting its affairs, under a declaration of trust, through its trustees, with its office in Wise county, Tex. The trustees of each of these defendant associations are also parties defendant. None of the defendants in this suit reside in Dallas county. Appellants were among the trustees who were named as such in the declaration of trust by Texas State Refining Company when same was filed for record September 25, 1919. Appellants Brown and Young were of the trustees of said association when its assets were con-

veyed on November 1, 1920, to the World Refining Company, and with the other trustees signed the deed of conveyance. The Texas State Refining Company ceased to exist after said date.

On November 1, 1920, C. C. Smythe, W. A. Campbell, and R. E. Coleman, three of the defendants in this suit, entered into a written agreement with the Texas State Refining Company, through which they bound themselves to take over its assets and liabilities. The assets described consisted of a tract of 13.9 acres of land, and the oil and mineral rights thereon, located in Wise county, Tex., the property of the State Refining Company, and the consideration recited in the deed was the promise of the World Refining Company to erect within twelve months on such land an oil refinery of not less than 500 barrels daily capacity, and to redeed to the Texas State Refining Company the tract of land, together with the improvements thereon, if it should fail to erect such refinery within such time. It was understood at the time of this contract of conveyance that the purchasers were organizing a trust estate to be known as the "World Refining Company," and that the property would be deeded to such company. This company was organized on the same day, and the deed of conveyance was made to the World Refining Company. The refinery was duly constructed within the contract time, and a deed of release through its trustees was executed by the Texas State Refining Company to the World Refining Company.

On August 15, 1921, the World Refining Company, through its trustees, secured a loan from the United Home Builders of America, and thereby became indebted to said United Home Builders of America in a large sum of money. This indebtedness was evidenced by eight promissory notes, signed and executed by C. A. Smythe, H. B. Bagley, G. A. Campbell, Lawrence B. Brady, "as trustees, World Refining Company, hereunto duly authorized." These notes were secured by a duly executed deed of trust on the Wise county property.

Default was made in the payment of these notes, and appellee, as receiver, duly instituted suit in the said district court of Dallas county against practically all of the parties who are defendants in this suit; appellants being named among defendants in such former suit. In December, 1925, a judgment was entered in this cause in the sum of $36,762.50, and the deed of trust lien foreclosed on said property. No personal judgment was taken against any of the defendants, and it was specially provided therein that this judgment would be satisfied by an application of the proceeds of the foreclosure sale of the property described in the deed of trust. Appellants were not served by pro-

cess, and made no personal appearance in this suit, and a judgment of dismissal was entered as to them prior to the entry of the judgment.

[1] The instant suit was filed January 13, 1927, and has for its purpose the setting aside of the former judgment, because of alleged fraud, a similar recovery on the notes, a foreclosure of the deed of trust lien, and a personal judgment for the amount of the recovery against all of the defendants. The fraud alleged is, in substance, that the receiver was caused to relinquish the right of a personal judgment against the defendants in the former suit, through the false representations of two parties, not defendants, who, with an attorney who had filed answer for some of the defendants, represented to the receiver and his attorney that they would pay the sum of $14,000 cash for the property, as soon as there was a judgment authorizing a legal foreclosure on same, if he, the receiver, would forego the right of a personal judgment against the defendant, and that, relying upon such promise, he agreed to the judgment entered. It is alleged that the parties making this promise never intended to carry it out, and only did so in order to secure the relinquishment by the receiver of the right to a personal judgment. Appellants, though parties to the original suit, were not shown to have had any knowledge of same, were not parties to the agreement, nor present in court when the judgment was entered. They are sought to be held liable in this suit for the indebtedness represented by the notes, on the theory that, as they are shown by the records to have been trustees of the State Refining Company, at the time the assets and liabilities of that concern were taken over by the World Refining Company, the creator of this indebtedness, it is inferred that they thereby became stockholders in the World Refining Company, and liable as a member of the partnership created by its declaration of trust, for such company's indebtedness. The notes forming the basis of the suit were made payable in the city of Dallas, and venue of the suit, as against the World Refining Company and the trustees who executed the notes, is correctly laid in Dallas county.

Appellee filed a controverting affidavit, making its petition in this suit a part of same, in which it is attempted to hold venue of the suit against these appellants in Dallas county, because of the facts above stated, and because of the further fact that, as the court in which the suit was filed was administering the estate of the United Home Builders of America through its duly appointed receiver, there is thereby drawn to such court exclusive venue of all suits by the receiver to reduce to possession the assets of such estate.

We do not believe that the controverting affidavit, or the evidence offered to sustain it, shows that venue of the suit against these appellants can be maintained in the district court of Dallas county as against their plea of privilege to be sued in their own county.

Neither of appellants was a party to the judgment sought to be set aside on the ground of fraud, and the allegations of fraud are not sufficient to connect either of them with the commission of the alleged fraudulent acts. They are therefore neither necessary or proper parties in a suit for the setting aside of such judgment. Neither of them signed or indorsed the notes forming the basis for recovery in this suit. Under the allegations made, neither of them is brought within the provision of section 5 of article 1995, which provides that a person may be sued in a county other than his residence, if he has contracted in writing to perform the obligation in such county. If the allegation by inference only that these appellants became stockholders in the World Refining Company and were partners in the business of such company be given the force of an allegation that they were such stockholders, and if the proof only by such inference that they were such stockholders be considered sufficient to show such fact, still they should not be denied the right to answer such suit in the county of their residence. Bolan et al. v. Wrather (Tex. Civ. App.) 239 S. W. 279; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125. As against their plea of privilege, the venue of the suit, for recovery on these notes and foreclosure of the deed of trust lien, cannot be maintained in the Dallas county district court.

[2] We do not believe that the district court of Dallas county, by virtue of the receivership proceedings therein, gave to such court the exclusive venue in this case. The exceptions to the general venue law, enumerated in the different sections under article 1995, do not give such exclusive venue to said court, and the policy of the law, as announced in articles 2310 and 2311 of our Revised Statutes, relating to the venue of suits by or against a receiver seem to exclude such contention.

We are therefore of the opinion that the trial court erred in overruling the respective pleas of privilege filed by appellants, and that this case must be reversed and remanded to the lower court, with instructions to transfer said suit as against appellants only, to the district court of Wise county.

Reversed and remanded, with instructions.