## SOUTHWESTERN SURGICAL SUPPLY CO. v. SCARBOROUGH.   (No. 2284.)

Court of Civil Appeals of Texas.   El Paso.
March 7, 1929.

Isaacks & Lattner, of El Paso, for appellant.

A. T. Folsom, of Wink, for appellee.

HIGGINS, J.   On March 1, 1928, appellee purchased from appellant, a partnership, certain chattels consisting of an X-ray unit, a diathermy machine, a Castle combination sterilizer, 12 hospital beds and mattresses, and certain surgical instruments and supplies. The purchase price was $2,334.03, to cover which appellee paid part cash, and executed eleven notes for $150 each, and one for $184.-03, all dated March 5, 1928, and payable to appellant. The first note was due one month after date and one matured monthly thereafter.   The notes were payable at El Paso, Tex.   The payment of the notes was secured by mortgage upon the property sold.   The mortgage contained a provision, the effect of which was that, if at any time the payee of the notes felt unsafe or insecure, then at its option appellee could declare all of the notes due and payable.

Later appellant sold to appellee other goods, wares, and merchandise, and upon the purchase price thereof there was a balance due of $825.83 at the time this suit was filed.

This suit was filed July 16, 1928, to recover said balance of $825.83, due upon open account, and also to recover upon the eight notes last maturing; the first four having been paid as they fell due.

It was alleged that plaintiff felt unsafe and insecure and had exercised its option in such case to declare all the notes due as author-ized by the mortgage.

Judgment was sought for the amount due upon the open account and notes and for foreclosure of the chattel mortgage.

Appellee filed plea of privilege to be sued in Winkler county, where he resides.   The plea is in statutory form with additional allegations to the effect that the notes sued upon were not due; that no ground existed for accelerating maturity; that the allegations respecting the acceleration of their maturity were fraudulent, and suit upon such notes was joined with suit upon the open account for the fraudulent purpose of depriving defendant of his right to be sued upon the open account in the county of his residence.

Controverting affidavit was filed by plaintiffs setting up that the notes were payable in El Paso, the accelerating maturity clause of the mortgage, that plaintiffs felt unsafe and insecure in said indebtedness, and had exercised the option to mature the notes.

■ Upon hearing the plea of privilege was sustained.   Findings of fact were not filed by the trial court.

S. C. Carter, one of the members of the appellant firm, testified: "I am inclined to think, if he hadn't owed us this $825.83, I would have been contented to go ahead and receive the payments on the equipment, because I offered him, shortly before filing suit, I think about ten days, on a previous trip, to discount this Eight Hundred and whatever it was, the amount of the open account, five per cent., as I didn't want any trouble with him and wanted to get the thing closed up, and I offered him that discount as an inducement to pay his open account, feeling sure he had the money available with which to pay it.   As to whether it is a fact that we accelerated these notes in order to compel him to pay the open account, that the open account was what we were mainly after—I will say, of course, yes, that was partly the reason, but we didn't want him to walk off and leave this merchandise on our hands, either, even though it was worth more than fifty per cent.   * * *   Even if we could have resold it and come out, we didn't want the merchandise, we didn't want to go through the process of replevying and reselling.   I wouldn't give that much for that merchandise.   In not receiving this $800.00 check that he sent us, we acted entirely on the ad-

vice of our attorney, and the same applies to the $150.00."

H. R. McAlmon, another member of the firm, testified: "If we hadn't had an open account with the Doctor, I would say possibly we would have felt secure enough, because we had a mortgage, I would say we wouldn't have brought suit, but watched carefully and clamped down. We had no protection on the open account, as far as the other was concerned, we did have protection. Absolutely, we felt like we had to bring this suit to protect our open account. As far as the X-ray equipment was concerned, we felt reasonably safe. That is what the notes covered. There was one point there, however, we were told that he was getting ready to leave Wink, and, of course, had he left Wink and left the equipment—we have had that happen in other cases—we would have been out. Yes, if he walked off and left the equipment, we would have been out just as much as if we got them by suit. Whether we would have been a little better off if he walked out and left than by bringing suit, is technical stuff and takes an expert to answer it. It had to be taken out in either event, and by bringing suit we were put to the cost of bringing suit. I personally felt that we were protecting our open account principally."

This testimony is abundantly sufficient to support a finding that appellant did not feel unsafe or insecure in the payment of the notes sued upon. It must be assumed the court so found. There was thus an unauthorized attempt to accelerate the maturity of the notes, and the suit upon such notes was abatable as premature.

If the action upon the notes had been warranted, then the suit upon the open account might properly have been embraced in the same action (Middlebrook v. Bradley Mfg. Co., 86 Tex. 706, 26 S. W. 935); but for the reason shown the suit upon such notes was premature.

■ To entitle the plaintiff to sue in a county other than that of the defendant's residence, the plaintiff must bring his case clearly within some exception to the general statutory privilege of the defendant to be sued in the county of his domicile. The latter is not to be denied this privilege upon a doubtful or strained construction of any exceptional provision. Lasater v. Waits, 95 Tex. 555, 68 S. W. 500.

■ There is here presented a suit upon notes payable in El Paso county with which is joined a suit upon open account which was not payable in that county. The suit upon the notes was prematurely brought and abatable. While we have found no case directly in point, we are of the opinion upon present facts the authorities support the ruling of the court below in sustaining the plea of privilege. World Co. v. Dow, 116 Tex. 146, 287 S.

W. 241; Richardson v. Cage, 113 Tex. 152, 252 S. W. 747; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Moor & Co. v. Am. Indemnity Co. (Tex. Civ. App.) 280 S. W. 342; Jones & Co. v. Towns (Tex. Civ. App.) 283 S. W. 246; Foster v. Wright (Tex. Civ. App.) 2 S.W.(2d) 933; Bush & Gerts v. Connolly (Tex. Civ. App.) 280 S. W. 349; Porter v. Porter (Tex. Civ. App.) 282 S. W. 816.

Affirmed.