## KRAKER v. MAY.
### No. 3875.

Court of Civil Appeals of Texas. El Paso.
May 18, 1939.

Grisham & Grisham, of Tyler, for appellant.

John Bruce Cox and R. M. Hutchins, both of Tyler, for appellee.

HIGGINS, Justice.

Appellee, Henry B. May, brought this suit against John Kraker, of Gregg County, Bryson Pipe Line Company, a corporation, domiciled in Wichita County, and Kraco Refining Company, a corporation, domiciled in Jack County. The Bryson Pipe Line Company filed plea asserting its privilege to be sued in Wichita County, and the same was sustained. Kraker also filed plea of privilege claiming the privilege of being sued in Gregg County. Kraker's plea was overruled, and he appeals.

Appellee has filed no brief.

The controverting affidavit filed by May is in reply to both of the pleas of privilege, and it is obvious that in large measure the allegations relate to the plea of privilege of the Bryson Pipe Line Company.

As we construe the lengthy petition in the case, recovery is sought against Kraker for $10,000 damages for alleged fraud. The petition is labeled at its head as "Petition and Bill of Discovery." It seeks a discovery of the defendants of various matters inquired about in the petition. There is nothing to suggest that the bill of discovery phase of the suit is maintainable against Kraker in Smith County. In the petition and in the controverting affidavit it is alleged that certain representations were made by Kraker in Smith County and that the same were false. It seems plaintiff is seeking to recover damages in the said sum of $10,000 against Kraker on account of these alleged false and fraudulent representations.

Conceding the sufficiency of the petition to state a cause of action of this nature against Kraker, the evidence, as we view it, shows no cause of action against Kraker on account of the misrepresentations alleged. In order to sustain the venue in Smith County it was necessary for the plaintiff to prove actionable fraud committed by Kraker in Smith County. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Benson v. Jones, 117 Tex. 68, 296 S.W. 865.

The evidence failing to show actionable fraud committed by Kraker, the plea of privilege should have been sustained.

Reversed and judgment here rendered sustaining such plea.