## RHOADS et al. v. STANDEFER.

### No. 2847.

Court of Civil Appeals of Texas. Waco.

March 31, 1949.

Rehearing Denied April 21, 1949.

Harry W. Flentge and T. R. Mears, both of Gatesville, for appellants.

Cureton & Cureton, of Meridian, for appellee.

LESTER, Chief Justice.

This is an appeal from an order sustaining a plea of privilege.

U. L. Rhoads and Otis Chambers filed suit in the district court against Leonard Raley and J. L. (Judie) Standefer. Appellants, in their petition, alleged that on the morning of July 13, 1948, Raley called Chambers over the telephone from Bosque county and bought a car from him for the sum of $1,700, Raley telling Chambers that if he would get some one to deliver the car to him at Clifton he would pay the party for his services. Chambers secured a party to take the car to Clifton the same morning. Raley paid the charge for delivery of the car and gave the party a check drawn on a bank at Stephenville, payable to Chambers in the sum of $1,700. That on the 16th day of July, Raley called and advised him that he had changed his bank account to the Farmers State Bank of Clifton, and that if he would send the check back he would give a check on the Clifton bank in lieu thereof. That on the morning of the 16th Raley called U. L. Rhoads over the phone from Clifton and purchased a car from him for the sum of $2,325, and Rhoads delivered the car to Raley at Clifton the same morning and Raley gave him a check on the Farmers State Bank for said amount. Rhoads, on the same day, delivered to Raley the $1,700 check and Raley issued another check to Chambers for $1,700 which Rhoads delivered to said Chambers. These checks, when presented to the bank, were turned down for insufficient funds. Plaintiffs alleged that these cars were to be paid for in cash at the time they were delivered; that the same were procured by Raley through fraudulent representation and with the fraudulent intent of Raley to get possession of said cars in order to deprive the plaintiffs of the value thereof.

Raley and Standefer each filed pleas of privilege to have the cause removed to the District Court of Bosque county, the place of their residence. The plaintiffs filed separate controverting affidavits to each plea of privilege. As to Raley they claimed venue under subdivisions 7 and 9 of Article 1995, Vernon's Ann.Civ.Stats., and as to Standefer they alleged that by reason of having venue in Coryell county against Raley under subdivisions 7 and 9 and Standefer being a necessary party to the suit, they also had venue against him in Coryell county. Raley waived his plea and entered his appearance in the case. Upon the hearing of Standefer's plea the court sustained the same and as to him ordered the cause transferred to the district court of Bosque county. The trial court did not file findings of fact or conclusions of law and none were requested.

Plaintiffs' evidence is to the effect that Raley was to pay cash for the cars upon delivery and that they would not have parted with the possession of the cars if they had not believed the checks were good. Raley testified: "When I called Mr. Chambers and asked him about purchasing an automobile—called from my office in Bosque county and told him that I was needing a driving car, that I had all my money tied up and was needing a car to drive for a few days and asked him if he had any he could sell me, he told me he had a 1946 Chevrolet he had purchased

from me before and I told him I would send a check for $1700.00 to hold until I could get some of my affairs straightened out. He agreed to it and I told him I would pay the driver to bring it to me. He sent the car over and I sent him a check for $1700.-00"; that on the morning of the 16th he called Rhoads over the telephone from Bosque county and that Rhoads agreed to sell him a car for the sum of $2,325, and on the same morning Rhoads delivered the car to him at Clifton; that Rhoads did not have with him at that time the title papers to the car and had not received them at the time he left Gatesville but was expecting to receive them in the morning mail and Raley sent a party back with Rhoads to get them. Raley testified he told the appellants he had to have the papers so he could floor-plan the cars in order to raise the money to cover the checks, and told Rhoads if he would wait he could get his money, but Rhoads went back to Gatesville without waiting and did not present his check to the bank until the 20th of July and Chambers' check was not presented for payment until July 21st. The title papers to the automobiles that were delivered to Raley did not disclose that Chambers or Rhoads ever owned or had any interest in or claim to either of the cars. The evidence further shows that Raley, on the 16th, did floor-plan the car with Standefer and borrowed the sum of $3,825 and deposited it in the bank the same day. Raley testified that he borrowed and deposited the money for the purpose of covering the checks he had given to Rhoads and Chambers; that he believed that he had on deposit in addition to the $3,825 something over $400; that he gave no other checks on his account after making the deposit.

■ The court having filed no findings of fact or conclusions of law, this court is unable to determine just on what theory the court adopted in sustaining the plea of privilege; but if there is sufficient evidence in the record, after disregarding all the evidence in favor of the appellants and considering that which is most favorable in support of the action of the trial court on any theory, then the judgment should be upheld.

■ As circumstances supporting Raley's contention that the cars were not to be paid for in cash on delivery, Chambers had not deposited the $1700 check given to him on the morning of the 13th for collection up to the 16th, and the check given on the morning of the 16th in lieu thereof was not presented to the bank for collection until July 21st. The Rhoads check was not presented until July 20th and after appellants had heard that Raley was having some financial difficulty. All representations made and acts performed by Raley or Standefer except the telephone conversations between Raley, Chambers and Rhoads, were made and performed in Bosque county, and there is a contradiction in the evidence as to the substance of these conversations. In order to hold venue as to Standefer in Coryell county as a necessary party, the burden was upon plaintiffs to allege and prove that Raley had committed in Coryell county some act of fraud, trespass or crime. Disregarding all evidence to the contrary and considering the evidence most favorable to Standefer and giving it all reasonable inferences in support of the court's ruling, we are of the opinion that there is sufficient evidence to support the presumed finding of the trial court that the plaintiffs failed to prove all of the necessary elements of the alleged fraud or crime upon the part of Raley, or if committed, neither of which was committed in Coryell county. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896.

The judgment of the trial court is therefore affirmed.