Wylie HAMM and Joe J. Borrows d/b/a B & H Refrigeration, Appellants,

v.

John CROCKETT and Doug Crockett, Appellees.

No. 8942.

Court of Civil Appeals of Texas, Amarillo.

Jan. 15, 1979.

872

Garner, Vickers, Purdom & Nelson, Thomas J. Purdom, Lubbock, for appellants.

James K. Walker, Morton, for appellees.

ROBINSON, Chief Justice.

This is an appeal from a judgment overruling defendants' plea of privilege. Plaintiffs, John and Doug Crockett, residents of Cochran County, Texas, instituted suit in that county against Wylie Hamm and Joe J. Borrows, d/b/a B & H Refrigeration. Plaintiffs sought damages arising from alleged fraudulent misrepresentations made by defendants. Defendants filed their plea of privilege, seeking to have suit transferred to Lubbock County, Texas, the county of their residence. Plaintiffs filed a controverting plea which contended that the cause of action was properly maintainable in Cochran County pursuant to article 1995, subdivisions 7 and 23, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). The trial court, sitting without a jury, overruled defendants' plea of privilege. Defendants attack this judgment, asserting: (1) that plaintiffs failed to prove misrepresentations which would constitute actionable fraud; and (2) that plaintiffs failed to prove that a cause of action arose in Cochran County. Affirmed.

Subdivision 7 of article 1995, relied upon by plaintiffs, requires that plaintiffs plead and prove by a preponderance of the evidence that the defendants committed actionable fraud in the county where the suit was filed. *Coalson v. Holmes,* 111 Tex. 502, 240 S.W. 896, 898 (1922); *Brooks v. Parr,* 507 S.W.2d 818, 819 (Tex.Civ.App.—Amarillo 1974, no writ). The elements of actionable fraud are: (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in re-

liance upon it; (6) that he thereby suffered injury. *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183, 185 (Tex.1977); *Oilwell Division, United States Steel Corp. v. Fryer*, 493 S.W.2d 487, 491 (Tex.1973).

 Findings of fact or conclusions of law were not requested and none were filed. In such circumstances all questions of fact are presumed found in support of the judgment. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); *Buchanan v. Byrd*, 519 S.W.2d 841, 842 (Tex.1975). Judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss, supra*, at 358; *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968). Defendants assert that the evidence did not support a finding that there was a false representation of a material fact or that defendants knew any representation was false.

At the hearing, plaintiffs, John and Doug Crockett, were the only witnesses. They testified to the following facts among others. Plaintiffs wished to buy an ice machine capable of producing five hundred pounds of ice in a twenty-four hour period. Defendants represented in Morton, Cochran County, that they had a used Whirlpool ice machine that would produce as required. Based on that representation, plaintiffs bought the machine. The $1,155.00 purchase price was paid at the time of delivery. The machine did not produce as represented and failed to work properly even after defendants returned and worked on it. Defendants finally picked up the machine. At the time they picked up the machine, defendants stated that they were taking it to the dump ground. Defendants agreed to apply the $1,155.00 paid by plaintiffs on the purchase of a new Manitowoc ice machine. Defendants recommended the Manitowoc as the best machine and said that the list price was $2,300.00. The Manitowoc machine was never delivered. Eventually, defendants delivered a Sunbeam machine with a bill for $2,900.00. The parties were never able to reach an agreement for the purchase of the Sunbeam machine. Defendants picked up the Sunbeam machine and stated that they did not have a check with them, but that they would put a check in the mail for the amount paid on the used Whirlpool machine. Plaintiffs, in spite of demands, never received payment.

 We have considered all of the evidence including that unfavorable to findings of fraud as well as that supporting the findings and are of the opinion that the evidence is sufficient to support presumed findings by the trial judge that defendants, in order to induce the contract, made a false representation of a material fact, *i. e.*, the capacity of the Whirlpool machine, knowing that it was false or in reckless disregard of its falsity and that the representation was relied upon to plaintiffs' injury.

We conclude that the trial court did not err in maintaining venue in Cochran County under subdivision 7, art. 1995, and in overruling defendants' plea of privilege.

The foregoing holding is dispositive of this appeal. We do not reach the remaining questions raised. The judgment of the trial court is affirmed.